MARIA L. GOURLAY *vs.* GEORGE GOURLAY.

" Continued drunkenness," in Pub. Stat. R. I. cap. 167, § 2, as a reason for divorce, means a habit of drunkenness confirmed and continued, a gross and confirmed habit of intoxication.

PETITION for divorce.

*February* 1, 1890. WILBUR, J. A petition for divorce between these parties was heard at the April Term of the court in 1887, and dismissed for want of sufficient evidence to prove the domicile of the petitioner. *Gourlay* v. *Gourlay*, 15 R. I. 572. This petition was filed February 8, 1888, and alleges a residence of four years before the filing of the petition, and charges wilful desertion, continued drunkenness, neglect to provide necessaries, adultery, and other gross misbehavior and wickedness in violation of the marriage covenant, in this, that he deserted the petitioner for other women, and contracted venereal disease.

We think the testimony now offered is sufficient to establish the fact that the petitioner was and is a domiciled inhabitant of this State, and had been for more than the year next before the filing of the petition.

The first and third grounds on which a divorce is claimed are, desertion and neglect to provide. We will consider them together. There is a large mass of testimony bearing upon these two charges, the substance of which is, that in 1878 the respondent failed in business in New York; that litigation followed his failure to settle with his creditors for fifty cents on the dollar; that he thereupon left the city of New York and went to Detroit, Mich., and went to work for his brother, at a salary of sixteen dollars per week, one half of which he regularly sent to his wife, until she consented to his withholding the remittances, so that he might lay by a sum sufficient to settle with a New York creditor, which would enable him to return to that city and engage in business again, and to live with his wife there; that the respondent provided a home for his wife in Detroit, to which he repeatedly urged her to go, but that she refused or neglected to comply with her husband's wishes in that regard, under one pretext or another, preferring to remain where she was with her parents, which she did until she came to this State in 1884.

The testimony upon these two charges, considered as a whole, is not in our opinion sufficient to prove that the respondent deserted the petitioner, or neglected to provide, according to his means, for her support, but on the contrary we think it establishes the fact that the respondent and petitioner did not live together for a considerable period before the petitioner came to Rhode Island to . live, because he could not support his wife in New York city in the style in which they had been accustomed to live, and because she refused to go to Detroit to live with him; and furthermore, that he would have continued to live with the petitioner, notwithstanding his financial embarrassment, but for the undue influence exerted over her by her mother.

The second charge is that of continued drunkenness. A number of witnesses testify that the respondent was intoxicated on several occasions before and after his failure in business in 1878. The respondent admits in his testimony that at or about the time of the failure, and owing to his financial embarrassments, he did on a number of occasions drink to excess, but that he has been temperate ever since he went to Detroit to live. Other witnesses corroborate him in regard to his temperate habits, except as to

one or two occasions. We think the proof shows that since 1883 he has been entirely free from the use of intoxicating drinks, and correct in his deportment in every particular. There are many instances of intoxication proved, covering a long period of time, from their marriage down to the separation, but they were, except in 1878, so infrequent that we do not think the charge of continued drunkenness is sustained. To sustain this charge, when it is alleged as one of the grounds upon which a divorce is claimed, the proof should be sufficiently clear to convince the court that the respondent's habits of drunkenness were confirmed and continued; in other words, that he had become a drunkard, an habitual drunkard, the terms meaning the same thing. *Commonwealth* v. *Whitney*, 11 Cush. 477, 479 ; *Same* v. *Same*, 5 Gray, 85, 86. The words " continued drunkenness " are used in their ordinary sense in our statutes, and signify gross and confirmed habits of intoxication.

The charge of adultery is not sustained by the evidence.

*Petition denied and dismissed.*