### ELIZABETH MᶜCRAW *vs.* PETER D. MᶜCRAW.

Suffolk.    January 17, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Divorce — Gross and Confirmed Habits of Intoxication — Law and Fact — Presumption of Continuation of Libellee's Habits.*

Where, in a libel for divorce for gross and confirmed habits of intoxication, it appears that the libellee had contracted the habits after marriage ; that he had not reformed during the year after the libellant separated from him, and that his habits continued during that year, at the end of which he went to parts unkrown ; that this was some five years before the hearing, and he had not been heard from since that time, save that about three years before the hearing it was rumored that he was somewhere in the West, but nothing definite was known about him, the presiding justice is at liberty, as matter of law, to draw the inference that the libellee's habits continued, if upon all the evidence he thinks that inference reasonable and proper.

LIBEL for divorce, for the cause of gross and confirmed habits of intoxication. The libellee did not appear. Trial in the Superior Court, before *Sherman*, J., who ordered the libel dismissed, and, at the request of the libellant, reported the case for the determination of this court. The facts appear in the opinion.

*C. W. Cushing*, for the libellant.

No counsel appeared for the libellee.

BARKER, J. It must be shown by competent proof that the gross and confirmed habits of intoxication, which Pub. Sts. c. 146, § 1, make a ground for divorce, exist when the libel is filed, and

if they then no longer exist a divorce cannot be granted, although it is shown that such habits have existed during the coverture. *Burt* v. *Burt*, 168 Mass. 204. In the present case it was proved that the libellee had contracted gross and confirmed habits of intoxication after marriage, and that he had not reformed during the year after the libellant separated from him, and that his habits continued during that year, at the end of which he went to parts unknown. This was some five years before the hearing, and he has not been heard from since that time, save that about three years before the hearing it was rumored that he was somewhere in the West, but nothing definite was known about him.

Usually a habit which has once become gross and confirmed continues to dominate the individual who has fallen into it. One who has gross and confirmed habits of intoxication may reform himself and become temperate or abstemious, and he may be put under such enforced restraint that his habits are broken up. The ordinary experience of mankind, however, justifies the inference that a confirmed habit will continue, and, especially when such a habit has a natural tendency to weaken the will and lessen the power of self-control, we should infer its continuance, if nothing were shown to the contrary, and the inference would be reasonable. The reasonable probability, according to the results of human experience, that gross and confirmed habits of intoxication shown to exist at a given time will continue, is a fair ground for inference, which, while not conclusive, is a proper ground for conclusions in litigated matters, and in the present case would have justified the presiding judge in granting a divorce to the libellant upon the facts stated in his report.

The report states that the libellant requested him to rule, as matter of law, that the gross and confirmed habits of intoxication of the libellee, having been proved to exist as long as anything was known about him, are presumed to continue, in the absence of any evidence to the contrary, and that the judge declined so to rule, as matter of law, upon the evidence presented, and ordered the libel dismissed, and that if the refusal to rule was correct the decree dismissing the libel is to stand; otherwise, the decree is to be set aside and the case to stand for trial.

There is some doubt as to the meaning of the report, but we interpret it to mean that the learned judge ruled that the evi-

dence before him, and the facts which the report states that he found, would not justify an inference that the libellee's habits continued up to the time of filing the libel so as to make it lawful to grant a divorce to the libellant. This we think was incorrect. As matter of law, the presiding justice was at liberty to draw the inference that the libellee's habits continued, if upon all the evidence he thought that inference reasonable and probable.

*Decree dismissing the libel set aside, and case to stand for trial.*