EMILY J. ALLEN *vs.* MOSES D. ALLEN.

GEORGE H. BARBER *vs.* BELLE BEMIS BARBER.

First Judicial District, Hartford, May Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

No married person has any legal, vested right to a divorce.

The conditions under which the State permits a divorce to be granted must be found to exist at the date of the hearing upon the complaint ; and therefore the court may properly receive evidence of the respondent's habits in the use of intoxicating liquors, down to the time of the trial, where the divorce is claimed upon the ground of habitual intemperance.

Argued May 1st—decided May 22d, 1900.

ACTIONS for divorce, brought to the Superior Court in Hartford County and tried to the court, *Prentice, J.;* facts found and judgment rendered in each case for the defendant, and appeal by the respective plaintiffs for alleged errors in the rulings of the court. *No error.*

These cases present but one question. The complaint in each case claims a divorce on the ground of habitual intemperance. Upon the trial the Superior Court in each case admitted evidence respecting habits and practices of the defendant as to intemperance, subsequent to the beginning of the action and up to the time of the trial, and in each case dismissed the complaint. The plaintiff in each case has appealed.

The error assigned in the first case was that the court erred in admitting such evidence ; "that the plaintiff's right to a divorce depended upon the facts as they existed prior to the time of the commencement of the action." In the second case the error assigned is : "Because the Superior Court erred in admitting at the trial of said cause evidence as to the defendant's habits in respect to the use of intoxicating liquors, and her condition from such use since . . . the date of the complaint in said case."

*Charles A. Safford*, for the appellant (plaintiff) Allen.

*Arthur Perkins*, for the appellant (plaintiff) Barber.

*Albert C. Bill* and *Joseph P. Tuttle*, for the appellee (defendant) Allen.

*Jacob P. Goodhart*, for the appellee (defendant) Barber.

ANDREWS, C. J.   Marriage is that ceremony or process by which the relationship of husband and wife is constituted. The consent of the parties is everywhere deemed an essential condition to the forming of this relation.   To this extent it is a contract.   But when the relation is constituted then all its incidents, as well as the rights and duties of the parties resulting from the relation, are absolutely fixed by law. Hence, after a marriage is entered into the relation becomes a *status*, and is no longer one resting merely on contract.   It is the relation fixed by law in which the married parties stand to each other, towards all other persons and to the State.   It continues as long as the parties both live and is one from which they cannot separate themselves by their own agreement, or by their own misconduct.   This *status* can only be dissolved by the assent of the State, which is ordinarily indicated by the judgment of a competent court.   When an attempt is made through the courts to undo a marriage, the State becomes in a sense a party to the proceedings, not necessarily to oppose, but to make sure that the attempt will not prevail without sufficient and lawful cause shown by the real facts of the case, nor unless those conditions are found to exist at the time the decree is made upon which the State permits a divorce to be granted.   The State has an interest in the maintenance of the marriage tie which neither the collusion nor the negligence of the parties can impair.   *Dennis* v. *Dennis*, 68 Conn. 186; *Gould* v. *Gould*, 2 Aik. (Vt.) 180; *Opinion of the Judges*, 16 Me. 480; *Whittington* v. *Whittington*, 2 Dev. & Bat. 64; *Hall* v. *Hall*, 3 Sw. & Tr. 347, 349.

There can be no such thing as a "legal right" to a divorce

vested in any married person. "The State does not favor divorce; and only permits a divorce to be granted when those conditions are found to exist, in respect to one or the other of the married parties, which seem to the legislature to make it probable that the interests of society will be better served and that the parties will be the happier, and so the better citizens, separate, then if compelled to remain together. The State allows divorces, not as a punishment to the offending party nor as a favor to the innocent party, but because the State believes its own prosperity will thereby be promoted." Obviously, this condition must be found to exist at the very time when the divorce is granted, otherwise the divorce should be refused. And to this end "all courts possessing divorce jurisdiction are vested with a discretion. A wise discretion should always be exercised in administering the law of divorce, lest its spirit be disobeyed by a too narrow adherence to its letter." *Dennis* v. *Dennis, supra.*

There is no error in either of the cases.

In this opinion the other judges concurred.