BEATRICE B. BEVAN *vs.* ERNEST E. BEVAN.

JUNE 28, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Divorce.  Continued Drunkenness.*

"Continued drunkenness" as a cause for divorce signifies gross and confirmed habits of intoxication, and the charge is not sustained by proof of the occasional abuse of liquor by a respondent.

PETITION FOR DIVORCE.  Heard on exceptions of respondent and sustained.

STEARNS, J.  This is a petition for divorce brought by the petitioner against the respondent, her husband, which was heard by a justice of the Superior Court and decision was given therein for an absolute divorce in favor of the petitioner on the ground that the respondent had been guilty of continued drunkenness.

The cause is now in this court on the respondent's bill of exceptions by which exception is taken to the decision of the Superior Court.

From the transcript it appears that, at the conclusion of the hearing, the trial justice stated that he did not think there was any rule that could be laid down in a divorce case as to what was continued drunkenness; that it was a question whether a man was fulfilling the responsibilities that he took on himself when he married, and that was the only test there was, and if his habits so interfered with his marriage responsibilities and the devotion he ought to give to his family that was "continued drunkenness" within the meaning of the statute.  The trial justice held the case and within a few days rendered a decision granting a divorce to the petitioner on the ground of continued drunkenness.  No rescript was filed in the case.  The trial justice was in error in his statement of the law applicable to the case.

In *Gourlay* v. *Gourlay*, 16 R. I. 705 (1890), this court, in speaking of the meaning of the phrase "continued drunkenness" as used in the statute "Of Divorce" (now Chapter

247, Gen. Laws, said: "To sustain this charge, when it is alleged as one of the grounds upon which a divorce is claimed, the proof should be sufficiently clear to convince the court that the respondent's habits of drunkenness were confirmed and continued; in other words, that he had become a drunkard, an habitual drunkard, the terms meaning the same thing. . . . The words 'continued drunkenness' are used in their ordinary sense in our statutes, and signify gross and confirmed habits of intoxication." The construction of the statute was thus established in this State and we think the case has been quite generally followed in other jurisdictions, where continued drunkenness is a ground for divorce. In the case at bar it appears that the respondent was accustomed to use alcohol regularly and that on some occasions he was under the influence of liquor to a greater or less degree. The respondent held a responsible position with a well-known business firm and attended to his duties regularly and in a manner satisfactory to his employers. The evidence as to his occasional abuse of liquor falls far short of the degree of proof required to establish the fact of continued drunkenness and it is evident that the trial court in weighing the testimony applied an incorrect rule of law in regard to the same. The exception of the respondent to the decision of the trial justice is sustained.

Opportunity will be given the petitioner to appear on Tuesday, July 5, 1921, at nine o'clock a. m., Standard time, and show cause why an order should not be made remitting the case to the Superior Court with direction to dismiss the petition.

*Joseph C. Cawley*, for petitioner.

*McGovern & Slattery*, for respondent.