OLIVE M. HAMMOND *vs.* HERBERT F. HAMMOND.

Worcester.   September 26, 27, 1921. — November 26, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, & JENNEY, JJ.

*Marriage and Divorce,* Condonation, Connivance.   *Evidence,* Presumptions and burden of proof.

A judge, who heard a libel of a woman for a divorce on the grounds of cruel and abusive treatment and of gross and confirmed habits of intoxication caused by the voluntary and excessive use of intoxicating liquor, found that at one time the libellee had been guilty of gross and confirmed habits of intoxication, that the habits later were overcome and that he had abstained from the use of intoxicating liquor from December of a certain year to the following July, which immediately preceded the filing of the libel in August; that on July 3 and 4 and on August 1 he was intoxicated; that the libellant condoned the conduct of the libellee preceding the interval from December to July; that in February she had told him that she would stay with him, but that, if he again drank, she would leave him.   The judge found that he "was not satisfied" that the libellee was guilty of cruel and abusive treatment when not intoxicated, and found that he was not cruel and abusive in the July and August preceding the filing of the libel.   The libel was ordered dismissed.   *Held,* that

(1) The evidence disclosed no finding and no evidence to justify a finding that the libellee's treatment of the libellant amounted to cruel and abusive treatment;

(2) There being no original offence of cruel and abusive treatment established, a breach of the terms of the condonation, if established, would have been ineffectual;

(3) A divorce could not be granted on the ground of gross and confirmed habits of intoxication because such habits did not continue to the filing of the libel;

(4) The libel properly was ordered dismissed.

The judge who heard the libel above described, subject to an exception by the libellant, found, upon evidence warranting the finding, and ruled, that the libellant knew that a denial of intercourse with her husband "was likely to produce a recourse to drink on his part.   She denied intercourse; drink followed, as I believe she intended.   In this situation, in my opinion, she is not entitled to claim that her condonation is nullified."   *Held,* that

(1) The finding of fact raised no question of law for this court;

(2) In the circumstances, the libellant was not entitled to a finding or ruling that the condition of her condonation was broken;

(3) While the conduct of the libellant was no excuse for the libellee's wrongdoing, no injury was done her when she consented to and planned for the commission of the offence charged, and she could not take advantage of her own conduct in this respect to bring about the annulment of the marriage tie.

LIBEL, filed in the Superior Court on August 13, 1920, for divorce on the grounds of cruel and abusive treatment and of gross and confirmed habits of intoxication caused by the voluntary and excessive use of intoxicating liquor.

There was no specification as to the grounds charged in the libel. The answer was a general denial and an allegation that, if either of the offences alleged was committed, it had been condoned by the libellant by continuance of cohabitation.

In the Superior Court the libel was heard by *Wait*, J. Material evidence and rulings by the judge are described in the opinion. The judge ordered that the libel be dismissed; and the libellant alleged exceptions.

*F. W. Morrison,* for the libellant.

*M. T. Flaherty,* for the libellee.

CARROLL, J. The libellant charged the libellee with cruel and abusive treatment and gross and confirmed habits of intoxication. The libel was filed on August 13, 1920. It was found that the libellee was at one time guilty of gross and confirmed habits of intoxication, which habits were later overcome; that he abstained from the use of intoxicating liquor from December, 1919, until July, 1920. On July 3 and 4, 1920, and again on August 1 of that year he was drunk. The judge was not satisfied that the libellee was guilty of cruel and abusive treatment when not intoxicated, and found that he was not cruel and abusive in July or August, 1920. It was further found that the wife condoned the husband's actions and lived with him until August, 1920. In February of that year she "told the libellee she should stay with him, but if he again drank she should leave him." Subsequent to this time, when she knew that the denial of intercourse was likely to cause him to drink, she denied him intercourse, intending thereby that he would have recourse to intoxicating liquor.

The libellant excepted to the ruling "that on all the evidence the libellant is not entitled to a decree in this action and her libel should be dismissed." She also excepted to the following ruling

and finding made by the court: "She knew that a denial of intercourse was likely to produce a recourse to drink on his part. She denied intercourse; drink followed, as I believe she intended. In this situation, in my opinion, she is not entitled to claim that her condonation is nullified."

There was no finding that the libellee's treatment of the libellant amounted to cruel and abusive treatment, and no evidence is set forth justifying or requiring such a finding. As there was no evidence or finding to support a decree for cruel and abusive treatment there was nothing on which to base a finding that the terms of the condonation had been broken. To raise such an issue the original conduct must have been such as to authorize a divorce. If not sufficient therefor, there was nothing to "condone" in the technical sense of the term.

The divorce could not be granted for gross and confirmed habits of intoxication. Such habits must continue until the time of the filing of the libel. See *LaFlamme* v. *LaFlamme*, 210 Mass. 156. In *Burt* v. *Burt*, 168 Mass. 204, 208, it was said: "Drunkenness cannot fairly be said to be gross and confirmed if, at the time the libel is filed, the character of the use of the intoxicant or drug has ceased for some length of time, so that it may fairly be found that the condition required by the statute no longer exists. The statute does not authorize a divorce on account of the use of a drug, but only for its abuse. The use must be excessive, and must produce a certain result; and this result must exist when the libel is filed." See also *Gowey* v. *Gowey*, 191 Mass. 72, 73. The judge found that the libellee had overcome the habit and did not find that it existed when the libel was filed.

The first request therefore on the facts found was denied properly, and the libellant was not entitled to a decree.

The credibility of the witnesses was for the judge to pass on, and his finding, that the charge of cruel and abusive treatment and gross and confirmed habits of intoxication was not sustained by the evidence, raises no question of law for determination by this court. *Leavitt* v. *Leavitt*, 229 Mass. 196. *Sparhawk* v. *Sparhawk*, 120 Mass. 390.

The second exception of the libellant must be overruled. It was found as a fact that the libellant knew that the denial of inter-

course would cause the return of her husband's drinking habits, that intending this result would follow, and in order to accomplish it, she denied intercourse. The conduct of the wife did not excuse the husband's acts and was no excuse for his wrongdoing; but she could not take advantage of her own acts which were designed and intended to cause him to return to his drinking habits.

If she planned to have her husband resume his drinking habits, and by her contrivance they were resumed, she was not entitled to a divorce and she could not claim that her condonation was invalid and its condition broken. In a libel for divorce it is not necessary that express connivance should be shown in order to bar the libellant. It may be shown by acts or conduct which cause the acts and show consent of the libellant. If the marital wrong complained of has been consented to, no injury has been suffered. *Leavitt* v. *Leavitt, supra.    Noyes* v. *Noyes,* 194 Mass. 20. *Wilson* v. *Wilson,* 154 Mass. 194. The same rule is applicable when it is claimed that a condonation is no longer effective, if the misconduct of the husband was brought about by the procurement and connivance of the complaining wife. No injury was done her when she consented to and planned for the commission of the offence charged, and she could not take advantage of her own conduct in this respect, to bring about the annulment of the marriage tie. See *Morrison* v. *Morrison,* 142 Mass. 361, 363.

*Exceptions    overruled.*