ETHEL M. FISH

*vs.*

WALTER FISH

Androscoggin.    Opinion August 25, 1927

*As a general rule in libels for divorce on the ground of gross and confirmed habits of intoxication it must be shown that the habit continued up to the time of filing the libel.*

*There are however circumstances under which the court is justified in the inference that a confirmed habit will continue, nothing to the contrary appearing, although such inference is not conclusive.*

Reformation of habit implies the voluntary action of a sane mind.   In the case at bar, the libelee being confined in an asylum for the insane when the libel was filed, going there when his habits in reference to intoxication were proved to exist, it might be impossible for the libelant to prove whether or not the libelee would return to his cups when restored to normality and granted his freedom   His last known condition before development of insanity, and consequent incarceration, was characterized by gross and confirmed habits of intoxication.

It is the opinion of the court that in this case, upon principles of justice and law, the exceptions should be sustained with reference to the failure of the presiding justice to properly take into account the inference above referred to, and the libelant should be given further opportunity to be heard.

On exceptions.   A libel for divorce on gross and confirmed habits of intoxication.   On a hearing the libel was dismissed on the ground that it was not affirmatively shown that the gross and confirmed habits of intoxication continued up to the time of filing the libel. Libelant excepted.   Exceptions sustained.

The case appears in the opinion.

*Frank T. Powers,* for libelant.

*No appearance* for libelee.

SITTING: PHILBROOK, DUNN, DEASY, BARNES, BASSETT, JJ.

PHILBROOK, J. This is a libel wherein the libelant seeks divorce on the ground of gross and confirmed habits of intoxication from the use of intoxicating liquors, opium, or other drugs, this being the fifth cause for divorce prescribed by our legislature.

The decree in the court below is in the following language: "The Court finds as facts that, for a period during the marriage of the parties and prior and up to 1920, the libelee's habits as to the use of intoxicating liquors became gross and confirmed; that July, 1920, he was committed to the State Hospital at Augusta, and has since remained there continuously to the present. The Court does not find that the offense has been condoned. The Court holds that, as grounds for divorce, gross and confirmed habits of intoxication must continue up to the time of filing the libel, the libel is dismissed."

The libelant seasonably presented a bill of exceptions, which was allowed, and the case is before us upon that bill.

In view of the terms of the decree dismissing the libel, it is contended that our discussion should be strictly confined to the issue as therein stated, viz., must gross and confirmed habits of intoxication continue up to the time of filing the libel in order to entitle the libelant to obtain a decree for divorce on that ground.

But since, in the instant case, we are for the first time required to construe this provision of our statute, we are of opinion that we should go further. Gross and confirmed habits of intoxication, at some time during marital life, having been proved to exist, as in this case, must the libelant, in all cases, by affirmative evidence, prove that those habits existed at the time of filing the libel, or may any assumption or presumption come to the assistance of the libelant in the absence of contradictory evidence offered by the libelee in a contested case.

In the case at bar the bill of exceptions shows that service of the libel was properly made upon the libelee and also upon his guardian appointed by the probate court, which guardian was present in court when the libel was heard, but no opposition to granting the divorce was made.

The statutes of many states, where this cause for divorce is granted by their legislature, have stated it as "habitual drunkenness" or

"habitual intemperance," e. g. Connecticut, Florida, Idaho, and Louisiana; or "habitual intoxication," e. g. Georgia. So far as we have discovered Massachusetts is the only state which uses the same phraseology as that used in Maine, viz.: "gross and confirmed habits of intoxication."

In *Burt* v. *Burt*, 168 Mass. 204, decided in 1897, the husband filed a libel alleging that his wife was guilty of "gross and confirmed drunkenness caused by the voluntary and excessive use of opium or other drugs." At the same time there was heard an appeal by the husband from a decree of the probate court on the petition of the wife for separate support and maintenance, and also a cross libel of the wife charging adultery, cruel and abusive treatment, and failure to provide suitable maintenance. It may be fairly inferred that the contest was vigorous and that each side presented evidence in behalf and in defense of his or her cause. In the court below the sitting justice ordered a decree, nisi, for the husband, dismissed the wife's libel, and her petition for separate support. The wife alleged exceptions.

After discussing certain questions relating to admission of testimony the court stated that the principal question was whether the judge in the court below was justified in entering a decree, nisi, on his findings of fact, which findings were as follows:

"At the time of her marriage the libelee used morphine to some extent, but the use was not gross or confirmed. The libelant knew this before the marriage, as he had prescribed it for her to relieve severe headaches. After her marriage her use of the drug increased, until the habit became confirmed, and to such an extent as to cause her to lie in bed at times until four o'clock in the afternoon. It also caused her to act in a stupid, irrational way, and this for long periods of time. After she left her husband, her use of morphine became less; and from that time up to the filing of this libel, nearly fifteen months, the gross character of its use became modified, or ceased; but she did not entirely abandon its use, and was somewhat under its influence."

In reversing the finding of the lower court the appellate court said; "The decree which was entered, in view of the finding of the libelee's use of the drug after she left her husband, seems to be based upon this construction of the statute, namely, that the libelant would be

entitled to a decree if, at any time after the statute was in force, the libelee was in the condition set forth in the statute, although the gross character of the use of the drug had become modified or had ceased when the libel was brought. We are of the opinion that this view is erroneous. 'Gross and confirmed drunkenness' is a condition, just as what is called in the Pub. Sts. c. 146, sec. 1, 'gross and confirmed habits of intoxication' is a condition. Substantially the same rules apply to both descriptions. Drunkenness cannot fairly be said to be gross and confirmed if, at the time the libel is filed, the character of the use of the intoxicant or drug has ceased for some length of time, so that it may fairly be found that the condition required by the statute no longer exists. The statute does not authorize a divorce on account of the use of a drug, but only for its abuse. The use must be excessive, and must produce a certain result; and this result must exist when the libel is filed." The court, in the opinion from which we have just been quoting, frankly says that it finds no authorities precisely in point.

In *McGraw* v. *McGraw*, 171 Mass., 146, the same court said that it must be shown by competent proof that the gross and confirmed habits of intoxication, which the statute makes a ground for divorce, exist when the libel is filed, and if they then no longer exist a divorce cannot be granted, although it is shown that such habits have existed during the coverture, citing *Burt* v. *Burt*, supra.

In *Gowey* v. *Gowey*, 191 Mass. 72, the court reiterated the opinion that when the libelant depended upon gross and confirmed habits of intoxication, in order to warrant a decree the evidence must be such as to justify a finding that the habit was gross and confirmed, and existed when the libel was filed. This rule was adhered to in *Hammond* v. *Hammond*, 240 Mass. 182, decided in 1921.

In *Allen* v. *Allen*, 73 Conn., 54; 84 Am. St. Rep. 135; 46 Atl. 242; under a statute differing from ours in phraseology, where divorce may be granted for "habitual intemperance," the court went a step further and held that the cause must be "found to exist at the time the decree is made" * * * "at the very time when the divorce is granted."

In *Gourlay* v. *Gourlay*, 16 R. I., 705; 19 Atl. 142, where the statute provides for divorce upon charge of "continued drunkenness," the court said that to sustain this charge "the proof should be sufficiently

clear to convince the court that the respondent's habits of drunkenness were confirmed and continual; in other words, that he had become a drunkard, an habitual drunkard,—the terms meaning the same thing." The court further said that, as used in their statute, the words "continued drunkenness" signify gross and confirmed habits of intoxication. Thus by interpretation the Rhode Island statute is declared to mean the same thing which our statute has set forth in different terms. But it is to be noted that in that case the proof showed that for quite a period of time prior to the filing of the libel the libelee had been entirely free from the use of intoxicating liquor and divorce was denied.

In *McGonegal* .v. *McGonegal,* 46 Mich. 66, 8 N. W. 724, where divorce was sought upon ground of "habitual drunkenness," the decree was denied because "the evidence which bears most strongly against defendant is of occurrences which took place several years ago."

In *Smithson* v. *Smithson,* decided by the Mississippi Court in 1917, reported in 74 So., 149, and L. R. A. 1917 D, 361, where divorce was sought upon the alleged cause of "habitual and excessive use of opium, morphine or other like drug," the court held that the habit must be fixed, and must continue until the suit is brought, and that it was error to grant the divorce because it was not shown that the use of the drug was excessive at the time the bill was filed.

In *McMahon* v. *McMahon,* 130 Ala. 338; 54 So. 165, under a statute authorizing divorce "for becoming addicted after marriage to habitual drunkenness" it was held that the habit must be fixed and must continue until the suit is brought.

Although Judge Freeman, in an able note to *Allen* v. *Allen,* supra, found in 84 A. S. R. p. 136, criticizes the conclusions reached in that case, yet we think the weight of authority sustains the view that where a divorce is sought on the ground of gross and confirmed habits of intoxication, from the use of intoxicating liquors, opium, or other drugs, that the habits must continue up to the time of filing the libel. To this extent the decree of the justice in the court below is in harmony with what has become settled law.

Granting that the law just stated, as to continuance of habit, is settled, what shall we say as to proof of such continuance. If the libelee went to parts unknown, some time before the libel was filed ,

and nothing could be ascertained as to his habits, or if, as in the case at bar, the libelee was confined in an institution where he could not obtain the means of continuing his habits of intoxication, does justice require that a divorce should be denied because of the utter inability of the libelant to prove, by affirmative evidence, that habits of intoxication on the part of the spouse continued until the time of filing the libel? We think not. *Lex non cogit ad impossibilia.* Even the Massachusetts court, which is most insistent upon the rule that habits of intoxication, as ground of divorce, must continue until the time of filing the libel, yields upon the question of proof under certain circumstances.

In *McCraw* v. *McCraw,* supra, it was proved that the libelee had contracted gross and confirmed habits of intoxication after marriage, and that he had not reformed during the year after the libelant separated from him, and that his habits continued during that year, at the end of which he went to parts unknown. That was some five years before the hearing and he had not been heard from since that time and nothing definite was known about him. The court then proceeded to say:

> "Usually a habit which has once become gross and confirmed continues to dominate the individual who has fallen into it. One who has gross and confirmed habits of intoxication may reform himself and become temperate or abstemious, and he may be put under such enforced restraint that his habits are broken up. The ordinary experience of mankind, however, justifies the inference that a confirmed habit will continue, and, especially when such a habit has a natural tendency to weaken the will and lessen the power of self-control, we would infer its continuance, if nothing were shown to the contrary, and the inference would be reasonable. The reasonable probability, according to the results of human experience, that gross and confirmed habits of intoxication shown to exist at a given time will continue, is a fair ground for inference, which while not conclusive, is a proper ground for conclusions in litigated matters."

The report of that case shows that the libelant requested the court below to rule, as a matter of law, that the gross and confirmed habits of intoxication of the libelee, having been proved to exist as long as anything was known about him, are presumed to continue, in the absence of any evidence to the contrary. Refusal to so rule was held to be error, the decree dismissing the libel was set aside and the case stood for trial.

In *Gowey* v. *Gowey*, supra, the same court, referring to *McCraw* v. *McCraw*, sustained and affirmed the doctrine that if a gross and confirmed habit is once shown to exist, the reasonable probability that it will continue to exist, furnishes some ground for an inference which the court may consider in dealing with a litigated matter.

From the report of the instant case we are of the opinion that the learned justice in the court below failed to give full consideration to the inference, that gross and confirmed habits of intoxication having been proved to have once existed during the marital state, was a proper ground for reaching a conclusion favorable to the libelant in the absence of any evidence to the contrary.

Reformation of habits implies the voluntary action of a sane mind. In the case at bar it would be impossible for the libelant to prove that her husband, confined in an asylum for the insane, would or would not return to his cups when restored to normality and granted his freedom. His last known condition, before development of insanity and consequent incarceration, was characterized by gross and confirmed habits of intoxication. As to those habits at the time of filing the libel proof could not be made.

It is our opinion that upon principles of justice and law the exceptions should be sustained and the libelant given another opportunity to be heard.

*So ordered.*