CATHERINE S. B. KELSALL v. ARTHUR E. KELSALL

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 85375

Memorandum filed March 18, 1952.

*Wofsey, Rosen, Kweskin & Kuriansky,* of Stamford, for the Plaintiff.

MURPHY, J. The plaintiff started suit for divorce from her husband on October 23, 1951, alleging that he had been intolerably cruel from January 29, 1948, which was exactly two weeks after the marriage. By amendment dated January 25, 1952, the plaintiff added a second count to her complaint claiming desertion on January 20, 1949. The case was heard as an uncontested matter on March 7, 1952. The plaintiff elected to proceed on the second count. No evidence was offered to show cruelty by the defendant.

From the evidence presented, I am satisfied that the plaintiff has sustained the burden of proving that the defendant deserted her on January 20, 1949, and that the desertion continued until the date of trial. However, I do not feel that I have the authority to award her a decree on that ground because the three-year period of the desertion had not elapsed when the suit was instituted. The reasons in the memorandum in *Pinckney* v. *Pinckney,* 14 Conn Sup. 442, and the authorities cited therein are equally applicable to the instant case.

*Allen* v. *Allen,* 73 Conn. 54, and *Barber* v. *Barber,* 73 Conn. 54, 56, are cited as authority for the claim that a decree is warranted if the cause of action exists at the time of trial. Both

of these cases involved habitual intemperance. The court held at that time (1900) that it was necessary to show that the habitual intemperance continued down to the time of trial. Such requirement has been changed by statute. General Statutes § 7327.

It is my belief that a cause of action must exist at the institution of suit. Neither of the cases cited holds otherwise. The rule-making power of the judges does not permit them to legislate. To adopt the plaintiff's theory, we would be changing the provisions of the statute requiring three years' desertion to a period of two years and nine months.

If plaintiff's claim is sound, a suit alleging any cause for divorce could be started the day after the separation of the parties occurred and if successfully retained on the docket until three years had expired, desertion could then be alleged and a decree entered. To me that seems absurd.

I had hoped that an appeal would have been taken in the *Pinckney* case. Instead, I am told, a new suit was started. I trust that this case will go to the Supreme Court for a definitive opinion.

The complaint is dismissed.