THOMAS, Justice.
Suit was instituted by the appellee against the appellant to secure a divorce on two grounds: extreme cruelty and desertion. The chancellor heard the testimony and concluded the trial with a decree in plaintiff’s favor but he did not specify what ground he was convinced had been proved.
We have carefully examined the record while bearing in mind our extreme reluctance to overturn the ruling of a chancellor based on evidence lie has heard. But giving the decree the dignity it deserves and granting the appellee the advantage of all inferences and interpretations, we cannot agree that he proved the first ground. As for the second ground, desertion, which appellee alleged to have been willful in its inception, and to have been obstinate and continuous since April, 1951, there was even less proof. The bill was filed 18 August 1952, and within the year he had cohabited with his wife. This was established by his own testimony: “Q. And did you sleep with her while you were there, sleep with your wife? A. I slept with her, yes sir. Q. And that was in September, 1951? A. In September of 1951.”
Despite some authorities to the contrary, it is our view that the continuity of obstinate desertion is broken, and the conduct of a deserting spouse is condoned if the parties cohabit during the period the statute prescribes.
We are impelled to hold that the decree should be reversed with directions to dismiss the complaint.
It is so decided.
TERRELL, SEBRING, MATHEWS and DREW, JJ., and HOLT, Associate Justice, concur.
ROBERTS, C. J., dissents.