17166

FRANCES R. SIMONDS, Appellant, v. JOHN C. SIMONDS, Respondent

(93 S. E. (2d) 107)

See also 225 S. C. 211, 81 S. E. (2d) 344.

*Messrs. Stoney & Crosland,* and *Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,*

*Messrs. Buist & Buist* and *Thos. P. Bussey,* of Charleston, *for Respondent,*

Messrs. *Stoney & Crosland,* and *Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,* in Reply,

May 22, 1956.

Moss, Justice.

The appellant, Frances R. Simonds, and John C. Simonds, the respondent, are husband and wife. They were married on November 12, 1930.

This action, which was instituted on December 7, 1953, is one for divorce on the ground of habitual drunkenness, Section 20-101(4), Code of 1952. The respondent denies that he is an habitual drunkard. The case was referred to the Master for Charleston County and after all of the testimony had been taken, the appellant was allowed to amend her complaint by adding thereto as an additional ground for divorce that of constructive desertion.

The Master of Charleston County filed his report recommending that the appellant be granted a divorce on the ground that the respondent was an habitual drunkard and that he was guilty of constructive desertion. He also recommended the allowance of a lump sum award of alimony and that he pay counsel fees of appellant's attorney. Upon exceptions by the respondent to the findings of fact and legal conclusions contained in the Master's Report, the Trial Judge held that the appellant was not entitled to a divorce on the ground of habitual drunkenness or constructive desertion.

The case is before this court upon exceptions by the appellant to the Order of the Circuit Judge. This appeal may be disposed of by determining whether or not the appellant was entitled to a divorce on the grounds of habitual drunkenness or constructive desertion on the part of the respondent.

The Trial Judge found, and the record sustains such finding, that the appellant and respondent separated on December 17, 1952. At that time the wife left the home of the parties, and after being absent for a few days, the husband removed himself from the family home and took residence at the Fort Sumter Hotel in Charleston, thereupon the wife returned to the family residence and has lived there since. It is an admitted fact that from the time of the separation of the parties on December 17, 1952 until the commencement of the action that the respondent has wholly abstained from indulging in the use of alcoholic beverages. The respondent has been totally abstemious for approximately one year prior to the institution of this action for a divorce upon the ground of habitual drunkenness. Habitual drunkenness and abstemiousness for a long period of time are incompatible terms. The appellant bases her right to relief upon the existence of the former. The Trial Judge held that no divorce could be granted on the ground of habitual drunkenness unless it continues up to the time of the commencement of the action.

In the case of *Fish v. Fish,* 126 Me. 342, 138 A. 477, 54 A. L. R. 327, the Maine Supreme Judicial Court held that in order to justify a divorce for gross and confirmed habits of intoxication, the habits must continue up to the time of the filing of the libel. In this case there is cited a number of decisions from various courts confirmatory of this holding. We cite several of them.

In the case of *Burt v. Burt,* 168 Mass. 204, 46 N. E. 622, the Supreme Court of Massachusetts, in dealing with this question where the statutory ground involved was " 'gross and confirmed drunkenness, caused by the voluntary and excessive use of opium or other drugs' ", St. Mass. 1889, c. 447, had this to say:

"The decree which was entered, in view of the finding of the libelee's use of the drug after she left her husband, seems to be based upon this construction of the statute, namely, that the libelant would be entitled to a decree if at any time after the statute was in force the libelee was in the condition set forth in the statute, although the gross character of the use of the drug had become modified or had ceased when the libel was brought. We are of opinion that this view is erroneous. 'Gross and confirmed drunkenness' is a condition, just as what is called in the Pub. St. c. 146, § 1, 'gross and confirmed habits of intoxication' is a condition. Substantially the same rules apply to both descriptions. Drunkenness cannot fairly be said to be gross and confirmed if at the time the libel is filed the character of the use of the intoxicant or drug has ceased for some length of time, so that it may fairly be found that the condition required by the statute no longer exists. The statute does not authorize a divorce on account of the use of a drug, but only for its abuse. The use must be excessive, and must produce a certain result, and this result must exist when the libel is filed."

Likewise, in the cases of *McCraw v. McCraw,* 171 Mass. 146, 50 N. E. 526, and *Gowey v. Gowey,* 191 Mass. 72, 77 N. E. 526, the Court reiterated that gross and confirmed habits of intoxication, in order to warrant a decree of divorce, must have existed when the libel was filed. This rule also was followed in *Hammond v. Hammond,* 240 Mass. 182, 132 N. E. 724.

In the case of *Allen v. Allen,* 73 Conn. 54, 46 A. 242, 49 L. R. A. 142, 84 Am. St. Rep. 135, where a statute provided that a divorce may be granted for "habitual intemperance", the Court held that the cause must be "found to exist at the time the decree is made * * * at the very time when the divorce is granted". This rule has now been changed by amendment of the Connecticut Statute.

In *Smithston v. Smithston,* 113 Miss. 146, 74 So. 149, L. R. A. 1917D, 361, where a divorce was sought upon the

alleged cause of " 'habitual and excessive use of opium, morphine, or other like drug' ", the Court held that the habit must be fixed and must continue until the suit is brought.

In the case of *McMahon v. McMahon,* 170 Ala. 338, 54 So. 165, where the Alabama Statute authorized a divorce " 'For becoming addicted after marriage to habitual drunkenness' ", it was held that the habit must be fixed and must continue until the suit is brought.

In the recent case of *Meares v. Meares,* 256 Ala. 596, 56 So. (2d) 661, 662, it appears that the husband and wife were separated in Florida on November 20, 1949. The wife returned to her home in Alabama, and after one year as required by the statute of Alabama, she filed a bill for divorce on November 24, 1950, alleging that her husband became addicted after his marriage to habitual drunkenness. The court thought it sufficient to say as to the evidence that none was offered "tending in any way to show that the habit of drunkenness continued until at or near the time of filing * * *. The testimony on this point ended as of the time of the separation in November, 1949, a year before the bill was filed." The court then went on to say, "* * * the habit of drunkeness must have * * * continued until at or near the time of filing the bill for divorce".

See also the case of *Meathe v. Meathe,* 83 Mich. 150, 47 N. W. 109; *Reynolds v. Reynolds,* 44 Minn. 132, 46 N. W. 236; *Youngs v. Youngs,* 130 Ill. 230, 22 N. E. 806, 6 L. R. A. 548; *Gourley v. Gourley,* 16 R. I. 705, 19 A. 142; and the annotation 54 A. L. R. 331.

Nelson on Divorce, Volume I, Section 7.05 states that, "Apparently it is the weight of authority that a condition of habitual drunkenness must have continued up to, and be existent at the time of, the filing of the libel." Numerous cases, cited in the footnotes as authority for the quoted proposition, fully confirm the statement of law and not a single case is cited holding to the contrary.

Based upon the authorities heretofore cited and re-
ferred to, in order that a divorce may be granted on
the ground of habitual drunkenness, such must exist
at or near the time of the filing of the action for a divorce.
It being admitted that the respondent had totally abstained
from the use of alcohol in any manner for approximately a
year after the separation of the appellant and respondent,
the condition of habitual drunkenness did not exist at or
near the time of the filing of this action. The Trial Judge
properly held that a divorce could not be granted on the
ground of habitual drunkenness.

We consider now the question of whether the court was
in error in refusing to grant appellant a divorce from re-
spondent on the ground of constructive desertion. It has
heretofore been stated that the appellant left the joint home
of herself and her husband on December 17, 1952 and that
this action was commenced on December 7, 1953. If there
was any constructive desertion it occurred on December 17,
1952.

In the case of *Machado v. Machado,* 220 S. C. 90, 66
S. E. (2d) 629, 633, Mr. Justice Oxner states:

"It also might not be amiss to call attention to the fact
that while the doctrine of constructive desertion is generally
recognized, there is an irreconcilable conflict in the author-
ities as to the character of misconduct that must be shown
to justify a divorce on this ground. Many courts hold that
the abandoning party seeking to make a technical deserter
out of the one abandoned must establish misconduct on the
part of the other in itself, and independently, amounting
to a ground for divorce. In other words, it is said that if
the conduct complained of is not itself a sufficient cause for
divorce, the courts cannot by indirection do that which is
not authorized by statute. Among the states adopting this
view are Virginia, New Jersey, Kentucky, Illinois and
Arkansas. Other courts, such as Connecticut and Maryland,
hold that the conduct of one spouse compelling the other

to leave may justify a divorce to that other on the ground of desertion, even though such conduct is not a ground for divorce. They hold, however, that it must be of such nature as to render impossible the continuation of the marital cohabitation with due regard for safety, health and self-respect. In view of the conclusion hereinafter stated that the facts in the instant case show that certain essential elements of desertion are lacking, we need not at this time determine which of the foregoing line of cases represents the better view. We are, therefore, not to be understood as now determining whether in establishing constructive desertion, it is necessary for the complaining spouse to show that he or she was compelled to leave the offending spouse because of conduct sufficient in itself to constitute a ground for divorce."

It will be observed that in the case of *Machado v. Machado, supra,* that the ground of "desertion" included "constructive desertion" and that a spouse who had been so wronged by the other spouse as to require a departure from the home could secure a divorce from the wrongdoer on the ground of desertion, but such was denied in the *Machado case* because certain elements of desertion were absent. The court specifically reserved its decision on the question of whether constructive desertion may be established on the basis of acts not sufficient in themselves to be grounds of divorce.

In the case of *Mincey v. Mincey,* 224 S. C. 520, 80 S. E. (2d) 123, 127, in an Opinion by Acting Associate Justice G. Badger Baker, the question reserved in the *Machado case, supra,* was answered in the negative. In the Opinion in the *Mincey case* a full discussion is had of the liberal and conservative rules with reference to the granting of a divorce on the ground of constructive desertion. The Court said:

"The liberal rule, holding that the conduct of one spouse compelling the other to leave may justify a divorce to that other on the ground of desertion, even though such conduct

is not a ground for divorce, is favored by a majority of the jurisdictions recognizing 'constructive desertion.' The conservative doctrine, that is, the acts or omissions must be of themselves, standing independently, sufficient ground for a divorce, has support in many jurisdictions, although in the minority. 27 C. J. S., Divorce, § 36, 17 Am. Jur., Divorce and Separation, Section 98; Annotation, 19 A. L. R. (2d), commencing on page 1428.

"Although the liberal view is supported by respectable authority, and when applied to extreme cases is sound in principle, nevertheless the conservative doctrine is the more productive of the interest of society, the welfare of families, the preservation and promotion of the duties, liabilities and sacredness of the marriage contract and vows."

And again the Court said:

"In order to constitute constructive desertion, the abandoning party seeking to make a technical deserter out of the one abandoned, must establish misconduct on the part of the other in itself, and independently, amounting to one or more of the recognized permitted grounds for divorce. The conduct complained of must in itself be a sufficient cause for divorce, one or more of the four grounds permitted by the constitutional amendment."

Applying the principle anounced in the case of *Mincey v. Mincey, supra,* the appellant is not entitled to a divorce on the ground of constructive desertion, because a year had not elapsed from the date of the desertion to the commencement of this action. Section 20-101 (2), 1952 Code of Laws of South Carolina.

The appellant asserts that this court should reinstate the Master's Report as to lump sum alimony and attorney's fees. The record shows by reference to the Order of the Trial Judge that "the question of whether plaintiff is entitled to an order requiring periodic payments by the defendant for her separate maintenance has not been argued by counsel or considered by me." Since the Trial Judge did

not pass on the question of whether or not the appellant was entitled to an allowance for her support and maintenance, this court is powerless to do so. *Johnson v. Johnson,* 194 S. C. 115, 8 S. E. (2d) 351.

It is elementary that where a Circuit Judge has not in anywise passed upon a question asserted in this court, it is not properly before us for decision. Numerous cases so hold, among them being *Momeier v. John McAlister, Inc.,* 190 S. C. 529, 3 S. E. (2d) 606. *Richardson v. General Motors Acceptance Corporation,* 221 S. C. 14, 68 S. E. (2d) 874. *Johns v. Town of Allendale,* 204 S. C. 44, 28 S. E. (2d) 533. *Nalley v. Metropolitan Life Insurance Company,* 178 S. C. 183, 182 S. E. 301.

A review of the exceptions filed to the Master's Report show that nine of such exceptions had to do with the recommendations made by the Master as to alimony and attorney's fees. The order of the Trial Judge, as is above stated, did not pass upon these exceptions nor did he refuse to pass thereon. This being the situation, this court is powerless to make a separate maintenance award or to allow attorney's fees. If the appellant is entitled to such an award, the same can be made, in this action, by the Common Pleas Court of Charleston County.

Quoting again from the case of *Machado v. Machado, supra*:

"The causes for which separate maintenance may be granted are not confined to those which constitute grounds for divorce. Accordingly, a court may decree such maintenance although a divorce is denied. Nelson on Divorce and Annulment, 2nd Edition, Vol. 3, Sections 32.10 and 32.12; *Sales v. Sales,* 222 Ky. 175, 300 S. W. 354; *Bradford v. Bradford,* 296 Mass. 187, 4 N. E. (2d) 1005; *Cochrane v. Cochrane,* 303 Mass. 467, 22 N. E. (2d) 6, 138 A. L. R. 341. In actions for divorce, we are limited by the terms of the Constitution. There is no statute in this state undertaking to fix the grounds for separate maintenance and support. This is left to the broad discretion of a court of equity."

The respondent served notice, pursuant to Rule 4, Section 7 of this Court, that he would ask this Court to sustain the judgment of the Trial Judge on the additional ground that the Master failed to certify in his Report that he attempted to reconcile the parties to the action as required by Section 20-110 of the 1952 Code of Laws. Counsel for the appellant and respondent have argued this question in their Briefs. It becomes unnecessary to consider this sustaining ground for the reason that we find the exceptions of the appellant to be without merit. *Schumacher (Crawford) v. Chapin (Crawford)*, 228 S. C. 77, 88 S. E. (2d) 874.

It is the opinion of this Court that the judgment of the Court below was correct and it is affirmed, but the case is remanded for the purpose of permitting the lower Court to pass upon whether or not the appellant is entitled to separate maintenance and attorney's fees. Upon this issue, we express no opinion.

Affirmed and remanded.

STUKES, C. J., and TAYLOR and OXNER, JJ., concur.

LEGGE, J., not participating.