17808

GILES P. CLEVELAND, Respondent, v. Ginevra M. CLEVELAND,
Appellant

(121 S. E. (2d) 98)

*Messrs. Sam R. Watt* and *T. E. Walsh,* of Spartanburg,
*for Appellant,*

*Messrs. J. Wright Nash* and *Thomas W. Whiteside,* of Spartanburg, *for Respondent,*

July 24, 1961.

OXNER, Justice.

This suit was brought by the husband for a divorce on the ground of desertion. He also sought custody of the children. The wife denied the charge of desertion, stating that she was forced to leave the home on account of her husband's cruel and abusive treatment and his habitual intoxication. By way of cross-complaint, she asked for a decree of separate maintenance and support for herself and the children. No divorce was sought by her.

The case was referred to the Master for Spartanburg County who after taking considerable testimony filed a report in which he concluded that the husband was entitled to a divorce on the ground of desertion; that having left a suitable home without just cause, the wife was not entitled to support; that the wife should be given custody of the children during the school months with the right to the husband to visit them in California and when they were not in school to have them visit him in Spartanburg; and that the husband should be required to pay the sum of $175.00 per month for the support of each of the three children and to pay the wife's attorneys for their services the sum of $2,500.00. On exceptions to this report, the County Judge sustained the finding of the Master that the husband was entitled to a divorce on the ground of desertion and that the wife was not entitled to separate maintenance and support. However, he modified the report by increasing the amount allowed for the support of each child to $200.00 a month, by increasing the fee of the wife's attorneys to the sum of $3,000.00, and by further directing that the question of the time and circumstances under which the husband should be permitted to visit the children be left open in order to enable the parties to work out a mutually satisfactory agreement

but if they were unable to do so, that the visitation rights be subsequently fixed by the Court.

From the order of the County Judge, the wife has appealed. She contends that the testimony fails to establish desertion for the necessary period before the commencement of this action; that she should be granted a decree of separate maintenance and support; that both the amount fixed for the support of the children and the amount allowed her attorneys are inadequate; and that the visitation rights of the husband should be definitely fixed.

Respondent, who is now about 40 years of age, comes from a wealthy and prominent Spartanburg family. Through gifts and inheritance from his father who died in 1956, he acquired a considerable estate. Apparently he has never done any work except to manage his farms and investments. Appellant, a woman of culture and refinement with a fine family background, is a native of California. The parties met when respondent was in the Navy. They were married in California in February, 1946. She had no property of consequence. After a few months they came to Spartanburg where, after living at several places in that city, they finally bought a beautiful home in a choice residential section. To this union there were born two boys and a girl. The first child was born in 1947, the second in 1950 and the third in 1952.

They lived happily together for a number of years. Both were popular in Spartanburg and quite active in the social life of the city. They entertained or were entertained several times a week. Appellant was also active in church and civic affairs. Both are devoted to their children. Discord later developed. She contends that he began to drink excessively; that from time to time she was subjected to both physical and mental cruelty which seriously impaired her health; and that he became irresponsible, indolent and slept until the late hours of the morning much to her embarrassment and inconvenience. He denied these charges, claiming that he is devoted to his wife and has done everything possible to

make her happy. The testimony shows that both have had psychiatric treatment.

After an examination on October 1, 1957, appellant's family physician concluded that she could not continue under the existing emotional and nervous strain of living with her husband, which was impairing her health, and that a change was necessary "from her home surroundings." He advised her to consult a Greenville psychiatrist, which she did on October 4, 1957. After returning home that night both parties executed the following agreement which was prepared by respondent's attorney:

"Whereas, the undersigned Giles P. Cleveland and Ginevra M. Cleveland were married in February, 1946, and of the union there were born three (3) children, to wit: Dexter Alden Cleveland, age 10; Jesse Patterson Cleveland, age 7; and Donna Lewis Cleveland, age 5; and

"Whereas, the parties hereto have agreed that Ginevra M. Cleveland shall take the said children for an extended visit to the home of her mother in San Diego, California, which visit shall not extend beyond 1 Sept., '58;

"Now, therefore, the parties hereto have agreed that no action for the custody of the children will be brought in any state other than the State of South Carolina unless mutually agreed upon."

The following morning appellant left by plane for California. There the children were placed in school. The parties kept in touch with each other by frequent correspondence and telephone calls. Respondent sent her approximately $500-.00 per month for the support of herself and children. About December 22, 1957, he went to California to visit them. She had previously planned a holiday cruise to Acapulco, Mexico. After arriving he decided to join his wife and children on this cruise which lasted about a week. While on this trip she says that on several occasions they engaged in sexual intercourse. When asked about this, he declined to answer. About January 5, 1958, respondent left California and returned to Spartanburg.

In February, 1958, appellant brought suit in California against respondent for separate maintenance and support. The record does not disclose the result of this suit. It may have been abandoned on account of the difficulty in getting jurisdiction of respondent. In September, 1958, respondent sent his wife a check for $350.00 to defray her expenses in returning to Spartanburg. She cashed the check on the advice of her attorney but did not return. About this time respondent cut the allowance to his wife and children from around $500.00 a month to $210.00 a month. Thereafter on October 6, 1958, exactly one year and a day after appellant left Spartanburg, the instant action was commenced, although the summons and complaint were not served until several weeks later.

The burden was upon respondent to show that appellant deserted him and that such desertion continued for a period of one year prior to the commencement of this action. Section 20-101(2) of the 1952 Code; *Simonds v. Simonds,* 229 S. C. 376, 93 S. E. (2d) 107. This he has not done.

The essential elements of desertion are (1) cessation from cohabitation, (2) intent on the part of the absenting party not to resume it, (3) absence of the opposite party's consent, and (4) absence of justification. *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629; *Frazier v. Frazier,* 228 S. C. 149, 89 S. E. (2d) 225; *Oswald v. Oswald,* 230 S. C. 299, 95 S. E. (2d) 493. Accordingly, it is uniformly held that a separation of the spouses by mutual consent does not constitute a desertion. *Machado v. Machado, supra;* 27A C. J. S., Divorce, § 38(1). But such a separation by mutual consent may be revoked at any time by either party making a *bona fide* request for the resumption of marital relations, and, if the other party, without justification or excuse, refuses and persists in remaining apart after such revocation, he or she then becomes guilty of desertion, which if continued for the statutory

period, furnishes the revoking party sufficient cause for a divorce. *Stanziola v. Stanziola,* 361 Pa. 209, 64 A. (2d) 807; *Solomon v. Solomon,* 290 N. Y. 337, 49 N. E. (2d) 470; 17 Am. Jur., Divorce and Separation, Section 138. The statutory period commences to run from the date of the refusal to resume marital relations. 27A C. J. S., Divorce, § 37b, page 117.

Respondent contends, and the Court below held, that a desertion occurred on October 5, 1957, when appellant departed for California. It is claimed that she left Spartanburg with a definite intention of never returning in accordance with a preconceived plan to terminate the marital relationship. We find no testimony to sustain this contention. The agreement of October 4, 1957 and the circumstances surrounding its execution unmistakably show that the separation was by mutual consent. Obviously this did not constitute a desertion. The correspondence between the parties shows that they continued to live separate and apart for some time thereafter by mutual consent. Appellant said that she "had the feeling that my leaving with the children would shock Giles enough so that he would straighten up and change and reform." She testified that she definitely intended to return if he conducted himself properly, but after her experience with him on the trip to Acapulco she finally concluded that there was no hope of reformation and that a resumption of the martial relationship was impossible.

It is true that respondent requested appellant to return to Spartanburg and resume marital relations and that she refused to do so. Whether this was done without justification or excuse we need not now decide. Assuming her refusal to return constituted a desertion, it clearly occurred less than one year before the commencement of this action.

In view of the foregoing conclusion, we find it unnecessary to pass upon appellant's further contention that even if a desertion occurred on October 5, 1957, the continuity of it was broken by sexual intercuorse on the trip to Acapulco

the following December. See *Machado v. Machado, supra,* 220 S. C. 90, 66 S. E. (2d) 629; *Bittner v. Bittner,* Fla., 67 So. (2d) 327; *Smith v. Smith,* 198 Md. 630, 84 A. (2d) 890; 17 Am. Jur., Divorce and Separation, Section 240; Annotation 155 A. L. R. 132.

Having concluded that respondent failed to establish desertion for the period required by statute, it follows that he was not entitled to a divorce and his complaint should have been dismissed on this ground. This leaves open the claim by appellant for separate maintenance and support. The case must be remanded to the County Court for determination of this cause of action. *Simonds v. Simonds, supra,* 229 S. C. 376, 93 S. E. (2d) 107. In determining this question it must be kept in mind that appellant need not show such conduct on the part of respondent as would justify a divorce. In *Machado v. Machado, supra,* 220 S. C. 90, 66 S. E. (2d) 629, 635, it was stated: "The causes for which separate maintenance may be granted are not confined to those which constitute grounds for divorce. Accordingly, a court may decree such maintenance although a divorce is denied. * * * In actions for divorce, we are limited by the terms of the Constitution. There is no statute in this state undertaking to fix the grounds for separate maintenance and support. This is left to the broad discretion of a court of equity."

The conclusion of the Master and County Judge that appellant was not entitled to support was based on a finding that without just cause or excuse she deserted respondent on October 5, 1957 and that he is entitled to a divorce, all of which we have held to be erroneous and without evidentiary support. On the contrary, the evidence conclusively shows that they separated by mutual consent. Whether she was justified in later refusing to return to him is a question for determination in her separate maintenance suit.

On the remand of the case, the Court below will pass not only upon the right of appellant to separate maintenance

and support, as to which we intimate no opinion, but also determine anew the amount of support which should be allowed the children, the proper amount to be allowed appellant's attorneys for their services, and the time and circumstances under which the husband should be permitted to visit the children.

The decree of the County Judge is reversed and the case is remanded for further proceedings in accordance with the views herein expressed.

TAYLOR, C. J., and LEGGE, MOSS and LEWIS, JJ., concur.