HELEN SHORE, PLAINTIFF-RESPONDENT, v. WILLIAM SHORE, DEFENDANT-APPELLANT.

Argued November 24, 1952—Decided December 15, 1952.

*Mr. Paul C. Kemeny* argued the cause for appellant.

*Mr. Leslie H. Cohen* argued the cause for respondent.

The opinion of the court was delivered by
WACHENFELD, J. This marital litigation is founded on the activities of wives Nos. 4 and 5, so referred to in the briefs. Lamentably, the record is silent as to the fate of the earlier numbered spouses, which might under the circumstances have been of interest.

Wife No. 4, Elsie, married the defendant in London, England, in September 1943. In March 1949 the defendant obtained a decree of divorce against her in Arkansas.

About two weeks after the Arkansas divorce, the defendant married the plaintiff in the instant cause, Helen, wife No. 5. Subsequently she filed a divorce complaint against him in our Superior Court based upon extreme cruelty.

Shore filed an answer denying the cruelty and later amended to claim condonation. Still later he filed a further amendment alleging as a second separate defense that the

Arkansas divorce obtained by him from wife No. 4, Elsie, was void because he was not a *bona fide* resident in that jurisdiction at the time of suit. In another separate defense he averred the plaintiff Helen had influenced and induced him to obtain the divorce.

When the matter came on for hearing, Shore proceeded with the testimony attempting to support his separate defenses, introduced the Arkansas decree, but before the hearings were finally concluded, asked leave to withdraw his answer, which was granted. Thereafter the court, apparently being convinced by the plaintiff's proof, entered judgment in her favor on June 5, 1951.

While Shore in our jurisdiction was alternately pressing his respective defenses and abandoning them, permitting the plaintiff to proceed without further opposition, there was instituted by wife No. 4, Elsie, a suit for divorce against him in the Supreme Court of the State of New York alleging adultery, in which she sought to set aside the Arkansas divorce as a fraud on the New York courts and to obtain a judgment for divorce against the defendant because of improper relations with the plaintiff in this suit, Helen, wife No. 5.

The defendant filed an answer setting up the Arkansas decree and supporting its validity but then, following closely the pattern adopted in the New Jersey litigation, withdrew his answer and permitted the wife to proceed *ex parte*, resulting in the judgment being entered against him holding the Arkansas decree void as a fraud on the New York court and granting the wife a divorce based upon his adultery with the New Jersey plaintiff, Helen.

The defendant at the same time was endeavoring in New York to sustain the validity of the Arkansas decree while in New Jersey he was inconsistently disavowing it.

After the entry of judgment in New York, the defendant filed a petition in our Superior Court asking that the judgment *nisi* be vacated and not made absolute and requesting a new hearing on the ground that Helen, the plaintiff in the

New Jersey suit, had suppressed evidence as to her· knowledge of· and participation in Elsie's divorce action in New York. In support of his petition the defendant also alleged Helen knew of the bigamous nature of her relations with the defendant, as she was cognizant of all the facts and inspired the Arkansas suit and therefore came into court with unclean hands.

The Appellate Division, 21 *N. J. Super.* 179 (*App. Div.* 1952), affirmed the judgment of the trial court denying the relief sought, 17 *N. J. Super.* 320 (*Ch.* 1951), and the defendant· appeals here, asserting the constitutional ground that the judgment of the New York court which held the Arkansas decree void is entitled to full faith and credit under the cases of *Scherrer v. Scherrer,* 334 *U. S.* 343, 68 *S. Ct.* 1087, 1097, 92 *L. Ed.* 1429 (1947), and *Johnson v. Muelberger,* 340 *U. S.* 581, 71 *S. Ct.* 474, 95 *L. Ed.* 552 (1950).

■ The pertinent rule is succinctly set forth in *Kirschbaum v. Kirschbaum,* 92 *N. J. Eq.* 7 (*Ch.* 1921) :

"An application for a rehearing in chancery is governed by principles applicable to motions for new trials after verdict at law. *Feinberg v. Feinberg,* 70 *N. J. Eq.* 420, and *Richardson v. Hatch,* 68 *N. J. Eq.* 788. And at law they are always addressed to the discretion of the court, and are not reviewable on error. *Furman v. Applegate,* 23 *N., J. L.* 28, 33 ; *D., L. & W. R. R. Co. v. Nevelle,* 51 *N. J. L.* 333 ; *State Mutual Bldg. & Loan Assn. v. Williams,* 78 *N.. J. L.* 720, 723 ; *DeMateo v. Perano,* 80 *N. J. L.* 437, 438."

■ It is further fortified in *Strong v. Strong,* 138 *N. J. Eq.* 302 (*E. & A.* 1946), where it was held an application of this character lies within the sound discretion of the court and, where an order refusing to open a decree was neither an abuse of discretion nor the result of mistake or any imposition practiced on the court, the appellate court will not review such order for the mere purpose of substituting its discretion for that of the Court of Chancery. There is nothing in the record before us indicating an abuse of discretion, nor does the full faith and credit clause have application here as there was no judgment in New York

when the New Jersey decree was entered and for other reasons not necessary to dwell upon in view of the disposition hereafter made.

The petitioner belatedly attempts to obtain relief on facts fully in his possession at the time of the withdrawal of his defense which he abandoned, thus facilitating judgment being entered against him. He no longer wants to be bound by a result to which he substantially contributed and knew would occur. The ruling in another jurisdiction having been made, he, without justification or legal excuse, seeks to recant from a position he voluntarily and with full knowledge assumed and induced our courts to act upon.

In New York he asserted truth and validity of the Arkansas decree he obtained, while in New Jersey he averred it and his own conduct were fraudulent. He has little thought of equity or justice but endeavors to manipulate the same facts into different classifications, attempting to gain the maximum selfish advantage for himself with a minimum regard to the truth and the common standards of equity.

The husband's use of his matrimonial entanglements, their sequence, validity or worth as evaluated or deprecated by him, depending upon his use of them as a sword or a shield, presents a rather novel concept of our clean hands doctrine, which is somewhat of a prerequisite in successfully showing an abuse of discretion by the court in its rulings.

In *Hollingshead v. Hollingshead*, 91 *N. J. Eq.* 261 (*Ch.* 1920), the court said:

"Certainly a request by a party who had fraudulently obtained a judgment or decree to set aside such decree or judgment, or treat the same as invalid because fraudulently obtained, would scarcely commend itself to a court of equity; and such estoppel would be strengthened, if that were necessary, by the fact that the other party, against whom the fraudulent judgment or decree had been obtained, or some third party, relying upon the validity of that judgment, had altered his position."

Whether we apply the doctrine of estoppel or the principle, enlarged upon in 3 *A. L. R.* 536, that a person, having

invoked the jurisdiction of a court and submitted himself thereto, cannot be heard thereafter to question in a collateral proceeding and to claim the nullity of the judgment or decree the rendition of which he asked, is of little concern as the defendant in this instance comes with nothing to commend him to a court of equity. There is no semblance of an abuse of discretion, in the absence of which he cannot succeed.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.