118 N.J. Super. 413 (1972)
288 A.2d 51
WALTER A. QUINN, PLAINTIFF,
v.
BESSIE M. QUINN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 6, 1972.
*414 Mr. Herman Kapp for plaintiff (Messrs. Kapp and Finkel, attorneys).
Mr. Gary N. Skoloff for defendant (Messrs. Skoloff and Wolfe, attorneys).
CONSODINE, J.C.C. (temporarily assigned).
A motion made prior to trial to strike a counterclaim in separation to a complaint on the same ground was renewed at trial. The import of the motion was that since defendant had admitted the allegations of the complaint, she was thus disentitled to participate in a dual divorce under N.J.S.A. 2A:34-7.
Plaintiff argues that the pertinent provision of the statute is surplusage because N.J.S.A. 2A:34-23, as amended, makes alimony available to either party without regard to fault.
An inference of excess and useless verbiage in a legislative enactment should not be easily entertained by a court. Foy v. Dayco, 82 N.J. Super. 8 (App. Div. 1964); Board of Education, Hackensack v. Hackensack, 63 N.J. Super. 560 (App. Div. 1960).
The rationale of the recent amendments to the Divorce Act (L. 1971, C. 212) is to terminate dead marriages regardless of fault or lack of fault.
* * * The object is to put an end to a situation of the parties which is barren of good, capable of evil, and probably irremediable by any other means. [Barrington v. Barrington, 206 Ala. 192, 194, 89 So. 512, 513 (Sup Ct. 1921).]
The consensus of legal scholars is that termination of dead marriages should be effected by nonfault proceedings, *415 and that the dual decree is more in keeping with the modern view that the inquisitory rather than the adversary process should be employed in divorce proceedings. See Rose, "Non-Fault Divorce in Ohio," 31 Ohio State L.J. 52 (1970); "Trends in Divorce Reform: Mitigation of the Fault Concept," 19 Drake L.R. 139 (1969); Goddard, "Proposal for Divorce upon Petition and Without Fault," 43 Cal. St. Bar J. 90 (1968); Young, "Separately and Apart," 5 Australian Lawyer 145 (1964); N.J. Divorce Study Commission Report (May 11, 1970), 5-6.
Note might also be made of the social stigma which seems to attach to the one "against" whom a divorce is rendered and the fact that employment applications, for example, often call for information in this regard. [Annotation 13 A.L.R.3d 1364, 1367.]
While New Jersey has not abandoned the adversary process, it would seem that in a nonfault case the awarding of a dual decree is desirable to neutralize its adversary character to the ultimate degree, as well as to minimize each spouse's notion that he or she was victor or wrongdoer.
The trial judge's traditionally broad discretion in matrimonial cases is recognized in New Jersey. X v. Y, 103 N.J. Super. 218 (Ch. Div. 1968); Wells v. Wells, 41 N.J. 594 (1964); Shore v. Shore, 11 N.J. 23 (1953); Strong v. Strong, 138 N.J. Eq. 302 (E. & A. 1946); 10 N.J. Practice (Herr-Lodge, Marriage, Divorce & Separation), § 634 at 528-529 (1963). That discretion has already produced a dual decree by this court based on the 18-month separation ground in Indiero v. Indiero, 116 N.J. Super. 193 (Ch. Div. 1971).
On the proof by both parties let there be entered a dual judgment of divorce. Plaintiff's motion for a summary judgment dismissing the counterclaim is denied. My colleague, Judge Hartman, before whom the pretrial motion was made, concurs in this opinion.