122 N.J. Super. 94 (1972)
299 A.2d 93
RITA SCULLY, PLAINTIFF,
v.
WILLIAM SCULLY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 22, 1972.
*95 Mr. L.T. Vincenti (Union County Legal Services Corporation) for plaintiff.
McKENZIE, J.C.C., Temporarily Assigned.
The sole question for our consideration is whether plaintiff's cause of action for divorce satisfies the requirements of N.J.S.A. 2A:34-2(e) which provides in pertinent part that a divorce may be adjudged if it can be shown that defendant suffered from "Habitual drunkenness for a period of 12 or more consecutive *96 months subsequent to marriage and next preceding the filing of the complaint."
Plaintiff's proofs demonstrate defendant imbibed heavily of alcohol during the statutory period, but it also appears that during that period there was a two-month hiatus during which he participated in an alcoholic treatment program and totally abstained from the use of alcoholic beverages. Thus the question arises as to whether this period of abstention tolled the running of the statute, and thereby defeats plaintiff's cause of action.
Habitual drunkenness has only recently been made a ground for divorce. In McVey v. McVey, 119 N.J. Super. 4, 6 (Ch. Div. 1972), habitual drunkenness was defined as "a fixed, frequent, irresistible or regular habit of drinking alcoholic beverages in such excessive quantities as to produce drunkenness."
In its report to the Governor and Legislature, the Divorce Law Study Commission, commenting on the objective of the new divorce law, stated:
The premise is that dead marriages should be terminated at the option of either party. It follows that fault is immaterial. A divorce should not be granted as a reward for virtue or imposed as a punishment for marital sin. The public interest is concerned with the stability of functioning and meaningful marriages. [Final Report, May 11, 1970, at 74]
As to habitual drunkenness as a ground for divorce, the Study Commission stated that
The terms used in the proposed draft constitute or attempt to make the proposed ground functional. It is a non-fault ground for divorce. Red tape has been eliminated. Mental illness, drug addiction and alcoholism in effect are equated as medical problems, which is in accord with current thinking. [at 76]
These statements evince a clear intention that the touchstone for the granting of a divorce on non-fault grounds is the inevitable breakdown of the marriage. See Wanser v. Wanser, 119 N.J. Super. 190, 191 (Ch. Div. 1972). As *97 yet, no reported New Jersey case has dealt with the precise question here presented, but we find persuasive authority from other jurisdictions which recognize similar grounds for divorce.
In Dorian v. Dorian, 298 Ill. 24, 131 N.E. 129 (1921), the Supreme Court of Illinois considered whether a defendant who was twice confined in order to correct a drinking problem and abstained from the use of intoxicating beverages for a short period upon release was a habitual drunkard within the meaning of its statute. In concluding that the statutory requirement was met the court stated:
The fact that for a portion of the time she was not intoxicated because she could not get any intoxicating liquor, and that for short periods she voluntarily abstained, does not indicate that she was not guilty of habitual drunkenness during the time. Intoxication without intermission is not necessary to habitual drunkenness, and the evidence is conclusive that the defendant's habit of intoxication was never reformed. An instruction based on the hypothesis that these periods of abstention constituted reformation was properly refused. [at 130-131; emphasis added]
Accord: Tarrant v. Tarrant, 156 Mo. App. 725, 137 S.W. 56 (Ct. App. 1911); Hereid v. Hereid, 209 Minn. 573, 297 N.W. 97 (Sup. Ct. 1941); Vesolowski v. Vesolowski, 403 Ill. 284, 85 N.E.2d 695 (Sup. Ct. 1949). See, generally, Annotation, 29 A.L.R.2d 925 (1953).
Thus the test is not the total number of days, weeks or months in the 12-month period that defendant was drunk, but whether, viewed in its entirety, defendant's association with alcohol during that period was sufficiently persistent and substantial to undermine and destroy the basic precepts on which a marriage is founded. The necessary determination can be made only after weighing the facts and circumstances in each case.
In the present case there has been testimony from the plaintiff that her husband has been addicted to alcohol since 1965, that he has been drunk for extended periods of time, that he has unsuccessfully sought help on several occasions, *98 and that both she and her children have endured substantial physical and mental suffering as a result of her husband's alcoholism.
Additionally, there was expert testimony from Mrs. Teresa McGeary, Director of the Union County Division of the National Council on Alcoholism, North Jersey Area, who testified that from a medical standpoint defendant suffered from alcoholism even during the two-month abstention period, and that he continues to suffer from the disease to the present time. See "Criteria for the Diagnosis of Alcoholism," American Journal of Psychiatry, 129.2 (Aug. 1972). Even though habitual drunkenness, the statutory test, and alcoholism are not necessarily mutually inclusive terms, evidence of the latter clearly is a factor tending to establish the former.
From the facts presented, the court finds that defendant's two months of abstinence did not toll the running of the statutory period. Indeed, it may even be argued logically that defendant's unsuccessful attempt to eschew permanently his predilection to alcohol is added proof of the ingrained nature of his "habit," and of the hopeless future facing plaintiff if she is obligated to continue the marriage relationship.
The court therefore concludes that plaintiff has proved a cause of action entitling her to a divorce due to the habitual drunkenness of defendant for the required period. A judgment will be entered accordingly.