142 N.J. Super. 512 (1976)
362 A.2d 61
LOUISE T. SCHNEIDER, PLAINTIFF,
v.
RICHARD C. SCHNEIDER, DEFENDANT.
Superior Court of New Jersey, Chancery Division (Matrimonial).
Decided June 14, 1976.
*513 Mr. Francis J. Tarrant for plaintiff (Messrs. Chasan, Leyner, Holland & Tarrant, attorneys).
Mrs. Libby E. Sachar for defendant (Messrs. Sachar, Bernstein, Rothberg, Sikora & Mongello, attorneys).
*514 GRIFFIN, J.S.C.
The issue here involved is the interpretation of the second portion of N.J.S.A. 2A:34-2(e) stating, as a ground for divorce, "habitual drunkenness for a period of 12 or more consecutive months subsequent to marriage and next preceding the filing of the complaint."
The words "next preceding the filing of the complaint" have not been interpreted by any reported case in New Jersey.
On October 29, 1975 plaintiff filed a complaint seeking a divorce based on her husband's alleged drunkenness. A separate defense in the answer reads as follows: "defendant has discontinued any drinking since September 4, 1975, and is a member of A.A. and therefore, he has not been a habitual drinker within one year prior to the filing of the complaint." The wife moves to strike this separate defense.
The pertinent facts are set forth in the husband's affidavit as follows:
I had previously a drinking problem but stopped in the middle of July, 1975. I fell back on or about August 22, 1975, as a result of which I signed myself into Overlook Hospital on August 27, 1975, and remained there until September 4, 1975. I am now a member of A.A. and for the last number of months have succeeded in discontinuing any drinking.
The parties have been separated since August 24, 1975.
For the purposes of this motion it must be assumed that the husband did not drink for approximately two months immediately preceding the filing of the complaint. He contends that the statute must be strictly construed and that no cause of action exists.
There are not many out-of-state cases involving similar statutes.
If a reasonable period has passed and the habitual drunkenness has ceased, the divorce will not be granted. Hammond v. Hammond, 240 Mass. 182, 132 N.E. 724 (Sup. Jud. Ct. 1921) (six months after drinking ceased); Meathe v. Meathe, 83 Mich. 150, 47 N.W. 109 (Sup. Ct. 1890) (six months after drinking ceased); Kennon v. Kennon, 150 Me. *515 410, 111 A.2d 695 (Sup. Jud. Ct. 1955) (one year after drinking ceased). Where the husband has been in an insane asylum so that he could not consciously break the drinking habit, the court in Fish v. Fish, 126 Me. 342, 138 A. 477 (Sup. Jud. Ct. 1927), granted a divorce even though he apparently had stopped drinking. The Supreme Court of Alabama, in the case of Meares v. Meares, 256 Ala. 596, 56 So.2d 661 (1952), denied a divorce where the wife was out of touch with the husband for one year; hence, she could not establish whether or not his drinking continued. The Connecticut case of Allen v. Allen, 73 Conn. 38, 46 A. 242 (Sup. Ct. of Err. 1900), is unusual as it required that the wife show that the habitual drunkenness continued right down to the date of judgment. This case turned on the strong public policy against divorce which existed in Connecticut at that time. The present public policy of New Jersey, however, is to terminate dead marriages. See Altbrandt v. Altbrandt, 129 N.J. Super. 235 (Ch. Div. 1974); Ballard v. Ballard, 124 N.J. Super. 462 (Ch. Div. 1973).
Counsel draws a parallel between the statute involved here and N.J.S.A. 2A:34-10 which governs jurisdiction in divorce proceedings. The jurisdictional statute provides, in substance, that no action for divorce may be commenced for any cause other than adultery "unless one of the parties has been for the 1 year next preceding commencement of the action a bona fide resident of this State."
While, perhaps, a jurisdictional statute should be strictly construed, this court feels that a statute setting forth a cause of action should be reasonably construed. In this case the defendant unsuccessfully attempted to stop drinking in July 1975. At the present time he has been discharged from the hospital but he is still a member of Alcoholics Anonymous. In a sense he is still continuing his treatment. If the position of the husband is sound, the wife's complaint based on habitual drunkenness would fail if filed the day after he entered the hospital for treatment.
*516 Must she file her complaint while he has his glass in hand? Does she lose her cause of action because she files in the afternoon and he has not had a drink since before lunch? Certainly a reasonable time must be allowed between the separation of the parties because of the drinking problem and the actual filing of the complaint. Two months is reasonable.
The court in Scully v. Scully, 122 N.J. Super. 94 (Ch. Div. 1972), held that two months abstinence did not do violence to the portion of the statute requiring "habitual drunkenness for a period of 12 or more consecutive months." Should the court differentiate between two months' abstinence in the middle of the 12-month period and at the end? Perhaps, but her cause of action should not be defeated when she files while he is still undergoing treatment.
The motion to strike the defense is granted.