143 N.J. Super. 499 (1976)
363 A.2d 921
LINDA VERONICA MANION, PLAINTIFF,
v.
KEVIN JAMES MANION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided August 5, 1976.
*500 Mr. Barry I. Croland for plaintiff (Messrs. Shavick, Stern, Schotz, Steiger & Croland, attorneys).
No one appearing for defendant.
SUSSER, J.C.C., Temporarily Assigned.
This case raises the novel question of whether, in an action for divorce based on N.J.S.A. 2A:34-2 (d) (18 months separation), a motion to enter final judgment by default pursuant to R. 4:43-2 is properly brought where the same is supported solely by affidavits.
The parties separated on September 1, 1974 and the complaint for divorce on the grounds above stated was filed on March 3, 1976. The husband, defendant herein, was personally served with the summons and complaint in Herkimer County, State of New York, by that county's sheriff's office on March 11, 1976. Default was entered by the Clerk of the Superior Court on May 5, 1976. Trial fees were paid and the case was approved for trial pursuant to R. 4:79-2.
On June 25, 1976 the wife, plaintiff herein, filed a motion pursuant to R. 4:46 seeking summary judgment for the following: (a) dissolving the marriage; (b) incorporating a property settlement and support agreement entered into by the parties on April 12, 1976, and (c) permitting the plaintiff to resume her maiden name.
The motion was set down for argument as to the propriety of such novel procedure in the Matrimonial Division, and oral argument was heard on July 9, 1976. During oral argument *501 counsel conceded for purposes of his argument that a motion for summary judgment envisions an adversary proceeding wherein a complaint and answer or appearance has been filed and a position taken that there exists no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law (R. 4:46-2). In the present case there has been a default and no answer or appearance filed by an adversary. Therefore, the court agreed to consider plaintiff's motion as one for the entry of final judgment by default based on affidavits alone, pursuant to R. 4:43-2. The court did not require the filing of a formal amended motion (R. 1:6-2 and R. 1:1-2).
It is clear that plaintiff is endeavoring to enter default judgment by means of filed proofs, thus obviating the need to take oral testimony. This procedure is routinely followed if a litigant's claim is for a sum certain or some easily liquidatable claim (R. 4:43-2 (a)). R. 4:43-2 (b) requires that in all other cases than those covered by R. 4:43-2(a)
* * * [the] party entitled to a judgment by default shall apply to the court therefor * * * If * * * it is necessary to * * * establish the truth of any allegation by evidence or to make an investigation of any other matter, the court may conduct such hearings * * * as it deems appropriate.
A judgment for divorce does not clearly fall under subsection (a) or (b) of R. 4:43-2, but appears to be a hybrid falling in some gray zone in between.
The newly adopted Divorce Act of 1971 was not an abdication of the State's interest in the bonds of matrimony and of the role the family structure plays in our modern society. There is no indication in either the legislative history or in the post reform decisional law that the state is now any less concerned with the institution of marriage and the family structure. Our Supreme Court has said:
The law regards divorce actions as imposing special responsibilities upon the court and attorney as officers of the court. This is because in every suit for divorce the State is in fact if not in name *502 a third party having a substantial interest. The public is represented by the conscience of the court [citations omitted] and "The law regards these actions which tend to disrupt the marriage status with regret  certainly it does not encourage them." [citations omitted] [In re Backes, 16 N.J. 430, 433-34 (1954)]
Because of this particularly significant state interest it is of paramount importance that every divorce proceeding be treated individually and specially with a view toward the parties interest as well as the public interest.
The State is a third party in every matrimonial action to sever or void the bonds of matrimony. It is the duty of the trial judge, even in an uncontested case, to see to it that the severance is not granted except where warranted under the applicable statutes or the general equity jurisdiction of the court [citations omitted]. [B. v. S., 99 N.J. Super. 429, 433 (Ch. Div. 1968), emphasis supplied]
It has further been held indirectly or by implication that the new Divorce Act has not abrogated this state interest:
It has long been well settled and now stands unchallenged that marriage is a social relationship subject in all respects to the state's police power [citations omitted]. [Rothman v. Rothman, 65 N.J. 219, 228 (1974)]
Although the new Divorce Act manifests a public policy to terminate dead marriages, Quinn v. Quinn, 118 N.J. Super. 413 (Ch. Div. 1972), this is not to be construed as terminating the State's interest.
As pointed out above, there are those civil cases where judgment may be entered without the necessity of oral testimony once a default has been entered. However, manifestly, this is not such a situation. The court, as the public's conscience and protector of state interests, is compelled to be satisfied that the statuory mandates have been fulfilled and its judgment is in the best interest of all concerned. To accomplish this it is beneficial, if not essential, that the court have the opportunity to hear the direct examination of the *503 nondefaulting party and to have the party present and in a position to respond to any questions the court might desire to pose. The interests of the State and the public would not be best served by turning our matrimonial courts into divorce mills where boiler plate forms are inserted in one end and divorce judgments are catapulted out the other. The scale is easily tipped in favor of requiring oral testimony to prove the essential elements in a cause of action for divorce rather than proof by affidavit. Therefore, plaintiff's motion is denied.