245 N.J. Super. 149 (1990)
584 A.2d 823
PHILIP J. CIMILUCA, PLAINTIFF-RESPONDENT,
v.
CONCETTINA M. CIMILUCA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 5, 1990.
Decided December 26, 1990.
*150 Before Judges KING, LONG and R.S. COHEN.
Raphael J. Glinbizzi, attorney for appellant.
No brief was filed on behalf of respondent.
The opinion of the court was delivered by R.S. COHEN, J.A.D.
*151 The parties separated after 14 months of marriage, and later decided to divorce. They had no children, property to distribute, or claims for alimony. Plaintiff husband undertook to hire a lawyer and proceed. Defendant wife acknowledged service, submitting "generally to the jurisdiction of the Court in this civil matter." She did not retain counsel. She did not attend the hearing but, because she wanted to assume her former surname, she asked plaintiff's attorney to present her request to the court. He prepared and presented an affidavit in which she recited her marriage, separation, and desire for a divorce. The affidavit ended:
I also respectfully request of the Court that in said Judgment of Divorce I be granted the right to resume my maiden name of LOMAGNO. I do not request this name change to defraud or avoid creditors or judgment creditors.
The judge refused to consider the request and struck from the submitted judgment form a provision permitting defendant to resume her former surname.
Plaintiff's attorney pursued the matter on defendant's behalf with plaintiff's consent. He submitted a post-judgment petition in which defendant sought leave to resume her former surname. The judge denied the petition and added to the denial the following language:
Defendant may, if she has not already done so, file and serve an answer and counterclaim stating a cause of action under N.J.S.A. 2A:34-21. Such pleading shall be filed no later than May 15, 1990. An answer to the counterclaim, if any, shall be filed no later than May 30, 1990. A hearing on the cause of action shall be on June 8, 1990 at 9:00 a.m. See Plank v. Plank [241 N.J. Super. 543, 575 A.2d 537 (Law Div. 1990)] (approved for Publication May __, 1990).
Defendant then appealed from the post-judgment order. We reverse.
At common law, an adult could adopt any name, except for fraudulent or criminal purposes, without court order. Egner v. Egner, 133 N.J. Super. 403, 406, 337 A.2d 46 (App.Div. 1975). A divorcing spouse should ordinarily be granted a request under N.J.S.A. 2A:34-21 to assume his or her former surname. Id. at 408, 337 A.2d 46.
*152 In Plank v. Plank, 241 N.J. Super. 543, 575 A.2d 537 (Law Div. 1990), the same judge who decided the present case denied an oral name-change application made by defendant at an uncontested divorce hearing. She had filed an appearance pursuant to R. 5:4-3(a) limited to particular issues. The denial was on the basis of the absence of a prior affirmative pleading seeking a name change and the judge's fear that encouraging pleading informalities would lead to chaotic and anarchical conditions. The judge did, however, grant a later motion for relief from the divorce judgment under R. 4:50 to file an answer and counterclaim, and he scheduled a hearing.
Rules of procedure do not exist for their own sake, but as means to an end. They should be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with if adherence to it would result in an injustice. R. 1:1-2. Amendments of pleadings with consent of the adversary party or in the interest of justice "shall be freely given." R. 4:9-1; see R. 5:1-1. Eliminating pointless paperwork is a plus.
In divorce proceedings, the court has no interest in barring addition or correction of pleadings which are designed to achieve a result authorized by statute, sought by both parties and affecting no one else. We therefore hold that the failure of a spouse to file a pleading seeking a name change authorized by N.J.S.A. 2A:34-21 should not bar a written or oral motion made with consent at the divorce hearing to amend or add pleadings to achieve that end. Such a motion should be granted unless some contrary reason appears, other than the informality of the procedures employed. We overrule Plank v. Plank, 241 N.J. Super. 543, 575 A.2d 537 (Law Div. 1990).
Reversed. Remanded for entry of an amended judgment of divorce embodying the name change sought by defendant.