609 A.2d 528

WILLIAM J. OLEVICH, PLAINTIFF, v. COLEEN
P. OLEVICH, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part

Decided June 1, 1992.

Coleen P. Olevich, *pro se,* for defendant.

No one appeared for plaintiff.

SWEENEY, J.S.C.

Is a divorced woman entitled to resume her maiden name at any time following the entry of the judgment of divorce? That is the issue raised by defendant's unopposed, *pro se* motion. I conclude that the answer is in the affirmative.

Defendant, Coleen Olevich, by motion originally returnable on April 3, 1992, seeks to resume her maiden name, which is "Boyd." A judgment of divorce was entered almost 14 years earlier. In the divorce action, she did not file an answer, counterclaim or other responsive pleading, nor did she appear in court for the hearing.

In support of her motion she initially certified that she had no intent to avoid creditors or criminal prosecution and that she was not seeking to use her maiden name "for other fraudulent purpose." I determined that her certification was insufficient to allow the requested relief. She was directed to supplement her certification and did so on April 29, 1992. She now additionally certifies that she has not been adjudged a bankrupt in the past ten (10) years, nor is she presently a party in such a proceeding.

Defendant advances two reasons for her failure to plead or otherwise appear in the divorce action. One is that she had no desire to contest the divorce. The other is that she had been hospitalized with a spinal cord injury which left her paralyzed, and she had neither the emotional composure nor the physical ability to file an answering pleading.

However, defendant now seeks to resume her maiden name because she will soon receive a Master's Degree in Social Services from Bryn Mawr College School of Social Work and she desires to commence her professional career using her maiden name.

The initial concern of the court is whether the present application is to be determined under *R.* 4:50–1 (motions for relief from a judgment or order) or *N.J.S.A.* 2A:52–1 *et seq.* (the statutory provisions relating to a change of name) or neither

one of them. There are no reported court decisions in this State determining this point.

Two recent cases have considered the issue of resumption of a maiden name. In *Plank v. Plank*, 241 *N.J.Super.* 543, 575 *A*.2d 537 (Chanc.Div.1990), a trial court decision subsequently disapproved by our Appellate Division in *Cimiluca v. Cimiluca*, 245 *N.J.Super.* 149, 584 *A*.2d 823 (App.Div.1990), defendant wife filed an appearance in order to be heard on various issues, not including her desire to resume her maiden name. She appeared for trial with counsel and sought to rely upon that portion of plaintiff's complaint in which he demanded judgment "(f)or such other relief as the Court deems just and equitable." Defendant's application to resume her maiden name was denied. The court determined, however, that defendant was entitled to relief under *R.* 4:50.

In *Cimiluca, supra,* defendant wife did not retain counsel nor did she appear at the hearing. Instead, her request for permission to resume her maiden name was advanced by plaintiff husband's attorney. The trial court denied the request and defendant appealed. The Appellate Division held that the failure of a spouse to file a pleading seeking to resume her maiden name is not a bar to a motion, written or oral, *at the divorce proceeding,* to achieve that end.

Neither of the above cases is dispositive of the issue here.

I determine that *R.* 4:50–1 does not apply to this situation and that *N.J.S.A.* 2A:52–1 *et seq.* is not defendant's sole procedural recourse.

■ *R.* 4:50–1 provides that the "court may relieve a party ... from a final judgment." As used in *R.* 4:50–1, "relieve" means "to free one, wholly or partly, from the effect" of a final judgment. Defendant does not seek relief from judgment of divorce. That judgment contained no provision concerning defendant's maiden name. Indeed, that subject was never advanced to nor determined by the court. Therefore, defendant does not seek to be freed or relieved from the effect of the

divorce judgment. When a judgment is silent on a topic and does not, in its provisions, control that topic, *R.* 4:50–1 is inapplicable. The judgment of divorce in this case did not address defendant's resumption of her maiden name nor would defendant's use of her maiden name adversely affect any provision in the judgment.

Nor should defendant be compelled to seek recourse under *N.J.S.A.* 2A:52–1 *et seq.* Where there is a more efficient alternative available, to require defendant to apply for a name change under *N.J.S.A.* 2A:52–1 would impose undue time and expense upon her and unnecessary litigation upon the court.

I need only look to the unambiguous language of *N.J.S.A.* 2A:34–21. At the time of defendant's divorce in 1978, the statute provided in pertinent part:

> The court, upon or *after granting a divorce*...., may allow the wife to resume any name used by her before marriage ... (Emphasis added)

*N.J.S.A.* 2A:34–21 was amended in 1988 to allow either spouse to resume any name used by the spouse before the marriage, or to assume any surname. However, the amendatory statute is prospective only in is application.

The statute, even as amended, does not impose a time limitation on the wife for making an application to the court to resume her maiden name "after"—at any subsequent time—the court has granted a divorce.

In addition to the reasons expressed by defendant in her certification, there are numerous other social considerations for retaining a married name for a period of time following a divorce. Often, young children are involved and the wife may desire to avoid any confusion associated with the resumption of her maiden name for their benefit. Furthermore, a former wife might elect to retain her married name to avoid the burden of changing a myriad of official documents such as a driver's license, social security card, voter registration card, credit cards, health care and prescription cards and the like.

Here, defendant's explanation for not applying earlier to resume her maiden name is more than sufficient. But that earlier decision, under the circumstances, should not rise to the level of a permanent waiver of her right to her maiden name.

I conclude that a woman may apply to resume her maiden name at any time after the court grants a judgment of divorce.

Defendant's application is allowed and she is directed to submit an order consistent with this opinion within ten (10) days.