628 A.2d 383

LISA HOLSHUE, PLAINTIFF, v. ROBERT HOLSHUE, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Camden County

Decided June 3, 1993.

*John T. Discepolo,* for plaintiff (*James Logan,* attorney).

*Lee-Alan Schemanski,* for defendant (*Carlamere, Rowan and Schemanski,* attorneys).

SEGAL, J.S.C.

Plaintiff, Lisa Holshue, and defendant, Robert Holshue, were divorced by final judgment dated May 20, 1993. The judgment followed a hearing on May 4, 1993 at which time all collateral issues were resolved by agreement. An oral stipulation was placed on the record and both parties adopted the stipulation during testimony.

At the hearing plaintiff-wife also sought an order of this court allowing her to assume the surname, Crane. Crane is not plaintiff's birth name nor a name she has used previously. Rather it is her mother's family name.

*N.J.S.A.* 2A:34–21—*Resumption of Name or Assumption of Any Surname* provides as follows:

> The Court, upon or after granting a divorce from the bonds of matrimony to either spouse may allow either spouse to resume any name used by the spouse before the marriage, or to assume any surname.

Thus plaintiff argues she is entitled by statute to use the name, Crane. Plaintiff's application is not opposed by defendant.

An adult in this State may effect a name change in any number of ways. It is still commonplace for a woman upon marriage to take the name of her husband. It is also commonplace for a woman upon divorce to resume a prior married name or a birth name. *N.J.S.A.* 2A:34–21. And any citizen, man or woman, may apply for a name change pursuant to *N.J.S.A.* 2A:52–1 and *R.* 4:72. Plaintiff's application therefore is consistent with existing legisla-

tive entitlements. Nevertheless, this court has significant misgivings regarding plaintiff's request.

Before the 1988 revision to *N.J.S.A.* 2A:34–21 that statute read as follows:

*Resumption of Name: Surname of Husband*

The court, upon or after granting a divorce from the bonds of matrimony to either spouse may allow the wife to resume any name used by her before the marriage, and may also order the wife to refrain from using the surname of the husband as her name.

The 1988 revision rendered the statute gender neutral. Moreover, it purports to allow a citizen to change his or her name to a name never used previously without following the procedures outlined in *N.J.S.A.* 2A:52–1.

*N.J.S.A.* 2A:52–1 contains reference to a strong public policy that applications for name changes should be on notice to law enforcement officials and to the public. Notice is required to be given to the Attorney General, the County Prosecutor, if a past criminal history exists or a current criminal proceeding is pending, to the Prosecutor in the County where that criminal proceeding concluded or is ongoing and to the citizens of the State at large. The clear import of *N.J.S.A.* 2A:52–1 and the applicable Court Rule is to ensure that by taking a new name a citizen is not committing a major fraud upon the public. Should not this same public policy be considered when reference is made to *N.J.S.A.* 2A:34–21? The only logical conclusion is that it should.

In *Cimiluca v. Cimiluca,* 245 *N.J.Super.* 149, 584 *A.2d* 823 (App.Div.1990) the Appellate Division makes it very clear that:

In divorce proceedings, the court has no interest in barring addition or correction of pleadings which are designed to achieve a result authorized by statute, sought by both parties and affecting no one else. We therefore hold that the failure of a spouse to file a pleading seeking a name change authorized by *N.J.S.A.* 2A:34–21 should not bar a written or oral motion made with consent at the divorce hearing to amend or add pleadings to achieve this end. Such a motion should be granted unless some contrary reason appears, other than the informality of the procedure employed....

However, when a surname is requested that was not previously used, that application *may affect* someone else. *N.J.S.A.* 2A:34–21

must be read in conjunction with *N.J.S.A.* 2A:52–1 *Action for Change of Name, Complaint, Contents, Service.*

Any person may institute an action in Superior Court, for authority to assume another name. The complaint for a change of name shall state whether or not the applicant has been convicted of a crime and whether any criminal charges are pending against him and, if so, shall provide such details in connection therewith sufficient to readily identify the matter referred to. Service of a copy of the complaint, whether or not citing a prior conviction or pending charges, shall be made upon the Attorney General, the County Prosecutor of the County in which the action is filed, and, if applicable, upon the Prosecutor of the County in which the applicant was previously convicted of a crime or in which the charges against him are pending for such response as they deem appropriate. A person commits a disorderly persons offense if he knowingly gives or causes to be given false information under this section.

*N.J.S.A.* 2A:34–21 was redrafted and made gender neutral in 1988. In the process the new statute provides that a husband as well as well as a wife is entitled to resume a previously used surname. The revised statute now gives a remedy to both spouses that previously was available only to a wife.

Troubling is the provision of the statute that affords either spouse the right to assume any other surname. Taken literally this provision would allow plaintiff or any other divorce litigant to take any name at the conclusion of the divorce proceeding. Such a result is totally inconsistent with *N.J.S.A.* 2A:52–1. No notice would be provided to the Attorney General, to the County Prosecutor, to the Prosecutor where a criminal proceeding had been concluded or was pending or to the citizens at large. The policy considerations that are contained in the name change statute could be ignored when relying only upon the divorce statute. Yet these policy considerations are no less present at the conclusion of a divorce proceeding than they are when a name change is sought pursuant to *N.J.S.A.* 2A:52–1.

This court holds, therefore, that the statutes must be read together. The authority for a divorce litigant to assume any surname must be read in the context of *N.J.S.A.* 2A:52–1 and obligates that divorce litigant to include such an application in the Complaint or Counterclaim for divorce and to comply with all of the notice provisions of *N.J.S.A.* 2A:52–1. Anything less would

result in an irreconcilable conflict between two existing statutes dealing with the same topic.

Plaintiff's application to assume the name, Crane, is denied without prejudice to the right of the plaintiff to bring an application pursuant to *N.J.S.A.* 2A:52-1. In this instance the court will prepare the appropriate Order.