697 A.2d 972

DONNA JEANNE LINBLAD, PLAINTIFF,
v. DAVID LINBLAD, DEFENDANT.

Superior Court of New Jersey
Chancery Division
Family Part
Atlantic County

Decided April 3, 1997.

*Stanley L. Bergman, Jr. (Broome & Bergman)*, for plaintiff.

TODD, J.S.C.

■ This opinion deals with the court's ability to enter a judgment of divorce in an uncontested case, based upon the entry of the defendant's default and the submission of written documentation, without requiring the plaintiff to appear and offer oral testimony. For the reasons noted below, this court has concluded it is appropriate to permit that to occur in this case, and to consider applications for the entry of a judgment of divorce on that basis in a variety of circumstances. Notably, that determination is contrary to the opinion in *Manion v. Manion,* 143 *N.J.Super.* 499, 363 A.2d 921 (Ch.Div.1976), discussed below.

This is an action for divorce which is proceeding on an uncontested basis. The complaint filed on plaintiff's behalf requests the dissolution of the marriage and the incorporation of a property settlement agreement executed by the parties in the judgment of divorce. Defendant's default was entered some time ago. Plaintiff's counsel has asked the court to enter judgment based upon written materials submitted on plaintiff's behalf, without requiring any personal appearance. That request was forwarded with a formal certification executed by plaintiff and a proposed judgment of divorce. It is in that context that the court has elected to review the issue first addressed in the opinion in *Manion.*

Our court rules do not deal with the need for a formal evidentiary hearing or the taking of oral testimony in these circumstances with any specificity. The issue is not addressed in Part V of the Court Rules, governing practice in the Family Part. It is dealt with, however, by *R.* 4:43–2(b), which provides for the entry of judgment by default in civil proceedings more generally. That rule is applicable to practice in the Family Part. *See R.* 4:1.

*R.* 4:43–2(b) clearly contemplates that the court may enter judgment after the entry of defendant's default, without requiring a formal hearing. By the same token, the rule specifically permits the court to schedule a formal hearing when necessary. The applicable portion of the rule in question reads as follows:

If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any allegation by evidence or to make an investigation of any other matter, the court may conduct such hearings with or without a jury or take such proceedings as it deems appropriate.

The rule permits the court to schedule a formal hearing when necessary "to establish the truth of any allegation." The issue presented here is simple, at least in terms of the rule noted. Is it necessary to require the scheduling of a formal hearing, where a litigant is required to appear and offer oral testimony in order to establish the facts necessary to justify the dissolution of the parties' marriage, where there is no apparent dispute with respect to those facts? That issue was addressed in the trial court opinion in *Manion, supra,* decided approximately twenty years ago. In *Manion,* the court considered the provisions of Rule 4:43–2(b). Noting the importance of divorce proceedings and the state's particular interest in those matters, the court concluded it was appropriate to require formal hearings to be conducted, after default had been entered, to be certain the plaintiff's cause of action was properly established. The court's basic conclusion was outlined in the following passage:

The court, as the public's conscience and protector of state interests, is compelled to be satisfied that the statutory mandates have been fulfilled and its judgment is in the best interest of all concerned. To accomplish this it is beneficial, if not essential, that the court have the opportunity to hear the direct examination of the

nondefaulting party and to have the party present and in a position to respond to any questions the court might desire to pose. The interests of the state and the public would not be best served by turning our matrimonial courts into divorce mills where boiler plate forms are inserted in one end and divorce judgments are catapulted out the other. The scale is easily tipped in favor of requiring oral testimony to prove the essential elements in a cause of action for divorce rather than proof by affidavit.

[*Manion, supra,* 143 *N.J.Super.* at 502–503, 363 *A.*2d 921.]

Times have changed. For a variety of reasons, this court is satisfied it is no longer essential to require litigants to appear personally, simply to present the facts necessary to establish a cause of action for divorce. In a variety of circumstances it would seem appropriate to permit a litigant the option of proceeding without a formal hearing, assuming appropriate proofs can be submitted by way of certification, affidavit or other documentation.

For better or worse, divorce is now common in our society. The New Jersey court system now handles approximately 55,000 divorce actions each year. *See Superior Court Case Load Reference Guide, 1992–1996* compiled by the Administrative Office of the Courts. Given the volume of cases coming before the court, it is reasonable to consider the costs involved in the scheduling of hearings, both in terms of litigants' time and resources, and the court's own resources. Requiring formal hearings can be costly and inconvenient. Of necessity, there will be short delays as matters are scheduled, considering the availability of the court, counsel and litigants. There will be occasional problems presented when one or more of the participants involved may not be able to attend a particular hearing. On a regular basis, litigants will be required to take time off from their employment or to adjust their personal schedules to be able to attend a hearing. Some litigants may be required to travel substantial distances and to incur substantial transportation expenses. Those individuals represented by counsel will be required to incur attorneys fees. In many instances, those fees may be substantial, given the individual litigant's financial circumstances. Indeed, some litigants may be forced to forego retaining counsel to assist them in handling divorce proceedings because of the fees incurred in attending such

hearings. In addition, it is likely that many litigants simply feel uncomfortable appearing in court and would prefer to avoid that experience if possible.

In short, there are very real costs involved in scheduling formal hearings. It is appropriate to be sensitive to those costs, particularly in dealing with family matters. Matrimonial litigation continues to be the subject of substantial controversy and much public dissatisfaction. On a regular basis concern has been expressed by the Bar, members of the general public, the legislature and the courts with respect to the cost of matrimonial litigation. There are compelling reasons to attempt to reduce the cost and inconvenience involved in the handling of matrimonial litigation, as long as that can be done on terms which are consistent with the State's interest in the matter and the court's responsibilities. In that context, it is difficult to justify requiring litigants to appear for formal hearings after a default has been entered, simply to present the facts necessary to establish a cause of action for divorce. In most cases, the facts necessary to establish a cause of action for divorce can be established through the submission of a verified complaint or an appropriate affidavit or certification. In many cases, the facts necessary to establish a cause of action will be relatively simple. In some instances, litigants may be able to present detailed and extensive proofs by certification. In any event, the court can always require personal appearances in specific cases when the written proofs presented are deficient.

Obviously, there are some benefits from scheduling formal hearings, as indicated in the opinion in *Manion*. A hearing before a judge is a relatively formal proceeding. Requiring personal appearances presumably confirms the importance of the event in question and the seriousness of dissolving a marriage. As noted in *Manion*, a litigant's appearance permits the court to inquire directly with respect to issues which may be in dispute. Those benefits, however, are of limited value today. Given current demands on the court's time, it is unlikely many default hearings involve any searching inquiry by the court. Indeed, it is common

practice throughout the state to now permit litigants to simply confirm that the allegations of the complaint for divorce are true, without offering detailed testimony, and to enter a judgment based on that affirmation. Considering all the circumstances, this court is not convinced that the benefits associated with formal hearings justify the costs involved in requiring those proceedings in every case.

Concerns might be expressed that the procedure contemplated here may somehow encourage divorce. That should not be a substantial concern, for a variety reasons. Our courts have now recognized the public's interest in terminating dead marriages. *See Gazzillo v. Gazzillo*, 153 *N.J.Super.* 159, 379 *A.*2d 288 (Ch.Div. 1977); *Schneider v. Schneider*, 142 *N.J.Super.* 512, 362 *A.*2d 61 (Ch.Div.1976); and *Quinn v. Quinn*, 118 *N.J.Super.* 413, 288 *A.*2d 51 (Ch.Div.1972). In any event, it is difficult to imagine that the public would perceive that the court is somehow encouraging divorce litigation by implementing the one procedure contemplated here. It is not and will not be easy to obtain a divorce, whether or not formal hearings are required in uncontested cases. Litigants will still be required to file a complaint and pay a substantial filing fee. In most instances, the complaint will have to be served by the sheriff at some additional cost. Some time must pass before a defendant's default can be entered. Proofs will have to be submitted to establish a right to divorce under our statute. The materials submitted will always be subject to judicial review. Again, formal hearings can always be scheduled by the court if there are any apparent deficiencies in the materials presented. Obviously, the process being considered here would only be available in uncontested matters, where a defendant has failed to respond to the plaintiff's complaint, where default has been entered in accordance with our court rules, and where the facts necessary to justify the relief requested are easily confirmed through the submission of written documentation. Formal hearings will need to be scheduled in any cases involving the service of

a Notice for Equitable Distribution, Alimony, Child Support and Other Relief, pursuant to *R.* 5:5–2(e).

The court system has been sensitive to the cost of litigation and the need to accommodate those involved in litigation in a variety of circumstances. Motions are routinely handled based upon the materials filed without requiring personal appearances. *See R.* 1:6–2(d). Motions may now be handled by telephone, without requiring appearances in court. *See R.* 1:6–2(e). In incompetency proceedings, under certain circumstances, our rules permit the testimony of a physician to be presented telephonically or through the submission of affidavits. *See R.* 4:86–6. In the Family Part, the reports of court appointed experts may be admitted into evidence on motion, pursuant to *R.* 5:3–3. Notably, there are apparently some other jurisdictions which do permit the dissolution of marriages, in uncontested cases, without requiring personal appearances. Such procedures are available, for example, in Pennsylvania, in very specific circumstances. *See* 23 *Pa.C.S.* Sections 3301(c), 3301(d)1(i), and *Pa.R.C.P.* 1920.43. This court is satisfied it is appropriate to interpret *R.* 4:43–2(b) broadly to permit the type of procedure contemplated here.

■■■ Divorce is a serious matter. Any litigant seeking the dissolution of his or her marriage should be required to provide specific facts, subject to appropriate judicial scrutiny. This court is satisfied, however, that formal hearings are no longer essential, where appropriate proofs are presented. For that reason, the court has elected to deal with this specific application based upon the materials filed. In addition, this court will consider similar applications as a matter of course, in appropriate circumstances. More specific standards will be developed for use by this court's staff in processing requests for the entry of judgment following a defendant's default, without formal hearings in this county. Those standards will define the circumstances under which such applications will be considered as a matter of course, and will note the materials which will be required for any application to be considered. Such applications will be considered in cases where a

formal property settlement agreement has been executed by the parties. In addition, the court will consider such applications in cases where the request for relief is limited to the dissolution of the marriage and where it is clear there are no additional issues which need to be addressed as a result of the parties' proposed divorce. Fairly detailed submissions will be required. The court will continue to schedule formal hearings whenever requested, and will direct that formal hearings be scheduled whenever required to establish the facts necessary to justify the relief requested.

■ That process has been followed in this case. Plaintiff has requested the entry of a judgment dissolving her marriage to defendant and incorporating a formal property settlement agreement executed by the parties in that judgment of divorce. Plaintiff's counsel has submitted a variety of documents in support of that request. The complaint for divorce was verified. The complaint was served on the defendant in accordance with our court rules. He has not responded and his default has been entered. The materials now presented to the court include the complaint for divorce, appropriate proof of service, a filed request to enter default, an affidavit of non-military service, a certification executed by the plaintiff dealing with her specific request for relief and a copy of the property settlement agreement referred to in the complaint and that certification. The materials submitted establish, to this court's satisfaction, that the plaintiff is entitled to the relief requested. The parties were married in June 1984. They have been separated since July 1992. Plaintiff's certification confirms there is no prospect of reconciliation. That same certification indicates that the plaintiff considers the parties' agreement to be fair and in the best interest of the children. Plaintiff also confirms that she understands that agreement will become a part of the judgment of divorce to be entered, and will therefore be enforceable through the court system. The court is satisfied plaintiff has established a cause of action for divorce and does have the right to have the parties' marriage dissolved. The court is also satisfied the agreement noted should be incorporated in the

judgment of divorce, so it is clearly binding on both of the parties and enforceable through the court system. Plaintiff is entitled to the relief requested.

Accordingly, this court is satisfied the parties' marriage should be dissolved on the terms requested by plaintiff. The Judgment of Divorce submitted by plaintiff's counsel has been executed and filed.