919 A.2d 907

VICKY L. HESSON, PLAINTIFF, v. JAMES
L. HESSON, DEFENDANT.

Superior Court of New Jersey
Chancery Division Cape May County

Decided January 12, 2007.

*Ashley M. Dudley,* for plaintiff.

Defendant, pro se.

RAUH, J.S.C.

This divorce action presents the novel question of whether a litigant's request for a name change survives the death of the other party prior to the entry of a final judgment of divorce. For the reasons set forth below, the court concludes that under the circumstances of this case it may properly consider and grant the name change request. This opinion will recount a brief procedural and factual history followed by an analysis of the applicable statutes and pertinent case law. Finally, the court will explain the reasons for its conclusion.

The complaint in this matter was filed on September 29, 2006. The defendant was served by the Shasta County, California Sher-

iff's Department on October 19, 2006. A request to enter a default and a certification were filed with the court on November 29, 2006. A notice of equitable distribution was filed with the court and served on the defendant via regular mail and certified mail return receipt requested on or about December 12, 2006.

A default hearing was scheduled for January 12, 2007. Sometime after the filing of the complaint, the entry of default and the filing of the notice of equitable distribution, the defendant died. His demise predated the entry of a final judgment of divorce. The plaintiff thereafter inquired through counsel whether the court might still consider plaintiff's request for name change.

The facts as shown by a review of the verified complaint as well as the plaintiff's testimony at the hearing on January 12, 2007, indicated that the parties were married in a lawful ceremony on September 20, 1987. The defendant was at the time of the filing of the complaint a resident of the Shasta County Jail in Reading, California. The parties separated sometime in 1997 or 1998. Two children were born of the marriage, both of whom reside with the plaintiff. On April 22, 1998 a final restraining order was entered against the defendant in favor of the plaintiff. There has been very little contact between the parties since the entry of the restraining order. Plaintiff testified at the hearing in this matter that she did not seek to resume her maiden name to avoid creditors or criminal prosecution. Rather, she sought the name change simply to resume her previous identity.

■ The court's authority to enter an order changing a litigant's name in a divorce case is set forth in *N.J.S.A.* 2A:34–21. That statute states; "The court, upon or after granting a divorce from the bonds of matrimony to either spouse, may allow either spouse to resume any name used by the spouse before the marriage, or to assume any surname." The statute by its terms expressly limits the court's authority to circumstances upon which a divorce has been granted.

There is limited case law concerning the statute and the court's authority thereunder. In *Holshue v. Holshue*, 265 *N.J.Super.* 599, 603, 628 *A.*2d 383 (Ch.Div.1993), the court held that *N.J.S.A.* 2A:34–21 would not permit a litigant to assume a name other than one used prior to the marriage. The court reasoned that unless the litigant sought to resume a pre-marriage name, a litigant was required to comply with the notice provisions of the general name change statute, *N.J.S.A.* 2A:52–1. *Ibid.* That statute allows anyone to sue for a name change and has specific notice requirements, which in the opinion of the *Holshue* court, were designed to protect third parties. *Ibid.* Allowing a name change under the divorce statute to one other than the pre-marriage name would allow an individual to avoid the notice requirements of *N.J.S.A.* 2A:52–1 and to potentially commit a fraud. *Id.* at 601, 628 *A.*2d 383.

The *Holshue* reasoning was rejected in *Raubar v. Raubar*, 315 *N.J.Super.* 353, 356, 718 *A.*2d 705 (Law Div. 1998). The *Raubar* court noted that the general name change statute had been amended after *Holshue, supra*, 265 *N.J.Super.* 599, 628 *A.*2d 383, to eliminate the bulk of the notice provisions. 315 *N.J.Super.* at 364, 718 *A.*2d 705. Only constructive notice by publication is now required. *Ibid.* In *Raubar*, the plaintiff sought to assume a new surname, her grandmother's maiden name. *Id.* at 356, 718 *A.*2d 705. The *Raubar* court saw no reason to deny the requested name change. *Ibid.* The *Raubar* court noted that the only procedural difference between the two statutes at this juncture is a publication requirement which in the view of the *Raubar* court adds little or nothing to the proceeding. *Id.* at 366, 718 *A.*2d 705. Accordingly, the *Raubar* court permitted the assumption of a name not previously used by the plaintiff so long as the court was able to make a finding that the requested name change was not to avoid creditors or criminal prosecution. *Id.* at 363, 718 *A.*2d 705.

In *Cimiluca v. Cimiluca*, the Appellate Division held that even in the absence of a formal pleading a trial court should normally grant a name change request made orally at the time of the

divorce hearing itself. 245 *N.J.Super.* 149, 152, 584 *A.*2d 823 (App.Div.1990).

Taken together *Raubar, supra,* 315 *N.J.Super.* 353, 718 *A.*2d 705, and *Cimiluca, supra,* 245 *N.J.Super.* 149, 584 *A.*2d 823, stand for the proposition that the name change provision of the divorce statute should be construed liberally in the interest of fairness. Specifically, the *Cimiluca* court stated,

"Rules of procedure do not exist for their own sake, but as a means to an end. They should be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with if adherence to it would result in an injustice. *R.* 1:1–2. Amendments of pleadings with consent to the adversary party or in the interest of justice "shall be freely given." *R.* 4:9–1; *see R.* 5:1–1. Eliminating pointless paperwork is a plus.

In divorce proceedings, the court has no interest in barring addition or correction of pleadings which are designed to achieve a result authorized by statute, sought by both parties and affecting no one else. We therefore hold that the failure of a spouse to file a pleading seeking a name change authorized by *N.J.S.A.* 2A:34–21 should not bar a written or oral motion made with consent at the divorce hearing to amend or add pleadings to achieve that end. Such a motion should be granted unless some contrary reason appears, other than the informality of the procedures employed". [245 *N.J.Super.* at 152, 584 *A.*2d 823.]

■ In this case the plaintiff would clearly be entitled to the relief requested but for the death of the defendant. It is axiomatic that a divorce action abates upon the death of a litigant. *See Carr v. Carr,* 120 *N.J.* 336, 342, 576 *A.*2d 872 (1990); *Kingsdorf v. Kingsdorf,* 351 *N.J.Super.* 144, 153, 797 *A.*2d 206, (App.Div.2002). However, in exceptional circumstances certain reliefs may be granted after a spouse's death in a divorce action and prior to the entry of a final judgment. *See Carr, supra,* 120 *N.J.* at 350, 576 *A.*2d 872. For instance, in *Fulton v. Fulton,* the court permitted the entry of a final judgment of divorce after the death of a plaintiff. 204 *N.J.Super.* 544, 550, 499 *A.*2d 542 (Ch.Div.1985). There, the court had previously taken testimony with regard to the cause of action but withheld the entry of a final judgment for reasons not related to the plaintiff's entitlement to a final judgment of divorce. *Id.* at 546, 499 *A.*2d 542. Subsequent to the hearing at which the testimony was taken but prior to the formal entry of a final judgment of divorce, the plaintiff died. *Ibid.* The

defendant had been defaulted and had not appeared in the proceeding. *Id.* at 545, 499 *A.*2d 542. Because all of the proofs had been taken with regard to the plaintiff's entitlement to a final judgment of divorce and because the denial of a final judgment of divorce might potentially create an injustice (allowing the long absent defendant wife to take the deceased plaintiff's property), the court ordered the entry of a Final Judgment of Divorce *nunc pro tunc.*

Similarly, in this matter the plaintiff's entitlement to a final judgment of divorce has been established. Her verified complaint was filed prior to the defendant's death. The defendant was properly served and properly defaulted. But for the demise of the defendant, the plaintiff would have been entitled to a final judgment of divorce and the corollary name change.

It has previously been held that the final judgment of divorce may enter on the pleadings without the necessity of a court appearance or court testimony. In *Linblad v. Linblad,* 304 *N.J.Super.* 50, 697 *A.*2d 972, (Ch.Div.1997), the court held that where all the necessary facts were apparent from the verified pleadings, and where the defendant had properly been defaulted, a final judgment of divorce could be entered. 304 *N.J.Super.* 50, 58, 697 *A.*2d 972 (Ch.Div.1997).

In this case, the plaintiff's verified or sworn complaint indicates that the parties were married in a lawful ceremony and that they have been separated for more than the time required for the entry of a final judgment of divorce. Upon the entry of that default, plaintiff, according to *Linblad, supra,* 304 *N.J.Super.* at 58, 697 *A.*2d 972, could have requested the court to enter a final judgment of divorce on the papers. (Indeed, *Fulton* would suggest that this court could if necessary to prevent an injustice, enter a final judgment of divorce *nunc pro tunc.* 204 *N.J.Super.* at 550, 499 *A.*2d 542. However, the plaintiff does not seek that relief in this case.) But for the lack of entry of a final judgment of divorce, the plaintiff would have been clearly entitled to a name change as a corollary to that Final Judgment of Divorce. Plaintiff indicated at

the time of the default hearing that she has not had contact with the defendant for quite some time and that she sought the name change simply to resume her old identity.

To deny the plaintiff the relief requested in this particular action would be directly contrary to the policies expressed in *Cimiluca, supra,* 245 *N.J.Super.* at 152, 584 *A.*2d 823 and *Raubar, supra,* 315 *N.J.Super.* at 364, 718 *A.*2d 705. The plaintiff is clearly entitled to the relief requested. To require her to file a separate complaint, go through the formality of publication, and then schedule a hearing would, in the court's view generate the unnecessary paperwork and expense expressly condemned in *Cimiluca, supra,* 245 *N.J.Super.* at 152, 584 *A.*2d 823. Plaintiff was entitled to a final judgment of divorce as of the entry of default. Accordingly, she was entitled to a name change as of the entry of default. Rights of no third parties are implicated herein. Accordingly, the plaintiff's request for a name change is granted.