95 A.3d 819

MARLENE LEGGIO, PLAINTIFF, v. SALVATORE
LEGGIO, DEFENDANT.

Superior Court of New Jersey
Chancery Division Passaic County

Decided April 8, 2014.

*Marlene Leggio,* plaintiff pro se.

BOTTINELLI, J.S.C.

## PROCEDURAL HISTORY & FACTUAL FINDINGS

This is a pro se *motion for a name change* filed by plaintiff on March 8, 2014. No opposition was filed by the defendant. As part of plaintiff's submission she had provided a copy of a dual judgment of divorce from bed and board, which was granted pursuant to *N.J.S.A.* 2A:34–3. Plaintiff and defendant were married on July 11, 1958, and thereafter sought a divorce from bed and board. Both parties were represented by counsel.

The dual judgment of divorce from bed and board was entered on July 15, 2004.

A review of court records does not show any action taken by either party since entry of the judgment. There is no record of a revocation or suspension of the limited judgment of divorce nor of an absolute divorce being entered.

It has been said that the closest analogy to a "legal separation" is a divorce from bed and board. The New Jersey Family Law Practice series at section 2.6 notes that a limited divorce has, historically, been known "as a divorce a mensa et thoro, or simply a limited divorce. Such a divorce does not dissolve the marital bond." Gary N. Skoloff and Lawrence J. Cutler, *N.J. Family Law Practice* ¶ 2.6 (15th ed. 2013).

The court's authority to enter an order changing a litigant's name in a divorce case is set forth in *N.J.S.A.* 2A:34-21. That statute provides, in pertinent part:

> The court, upon or after granting a *divorce from the bonds of matrimony* to either spouse ... may allow either spouse ... to resume any name used by the spouse ... before the marriage ..., or to assume any surname.
>
> [ (Emphasis added).]

The statute, by its terms, expressly limits this court's authority to grant a name change in those circumstances in which an absolute divorce has been granted.

■ The court has been unable to find any published opinion which addresses the meaning of "divorce from the bonds of matrimony" in the context of a name change. However, absent proof to the contrary, the marital bond between the Leggios continues to remain intact during the entire period of time from entry of the limited judgment of divorce from bed and board. The "bonds of matrimony" continue in full force and effect today.

■ Under the facts of this case, since the parties continue to be married in the eyes of the law, it is not proper for a name change application to be granted in this court under *N.J.S.A.* 2A:34-21. Absent entry of a judgment of absolute divorce, an application for name change would be governed by the more burdensome and time-consuming requirements of the general name change statute, *N.J.S.A.* 2A:52-1. Such an application is properly addressed in the Law Division. *Hesson v. Hesson,* 392 *N.J.Super.* 94, 919 *A.*2d 907 (Ch.Div.2007).

■ At this point, the court has no concern with the length of time which has passed as the time for making the request was addressed in *Olevich v. Olevich,* 258 *N.J.Super.* 344, 609 *A.*2d 528 (Ch.Div.1992), wherein that court ruled that a divorced woman may at any time following her divorce initiate procedures to enable her to resume her maiden name. This court concurs that there is no time limit that restricts plaintiff making her request for a name change so long as an absolute divorce has been entered.

644

For all of the aforementioned reasons, the motion for name change is denied.